# UNITED STATES *ex rel.* TRASK *v.* WANAMAKER.

## ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 1232. Argued and submitted December 20, 21, 1892. — Decided January 3, 1893.

A writ of error does not lie to a judgment of the Supreme Court of the District of Columbia, denying a writ of mandamus to the Postmaster General to compel him to readjust the salary of a postmaster when the additional amount to become due him would be less than $5000; and this is not affected by the fact that many similar claims for relief exist, in which the aggregate amount involved is over $100,000.

THE case is stated in the opinion.

*Mr. Harvey Spalding* for plaintiff in error.

*Mr. Assistant Attorney General Maury* filed a brief for defendant in error, but the court declined to hear him.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

The relator applied for the writ of error herein to one of the justices of this court by a petition, setting up the alleged errors relied on, and stating that the questions of law involved "concern the interest of more than one thousand persons, ex-postmasters, who reside in many different States and Territories, and are in like case with herself and who have presented claims for like relief before the Postmaster-General, and that all of such claims amount to more than one hundred thousand dollars;" and praying that the writ be allowed "under section 706 of the Revised Statutes." The order was thereupon granted.

Upon an almost identical petition, a writ of error was allowed in *United States* v. *Vilas*, 124 U. S. 86, but no question as to the pecuniary amount involved in its relation to jurisdiction, or as to the repeal of section 706, was suggested by counsel or considered by the court.

Section 706 of the Revised Statutes and section 848 of the Revised Statutes of the District of Columbia, which provided for the allowance of appeals and writs of error by the justices of this court under special circumstances, are no longer in force. Act of February 25, 1879, c. 99, 20 Stat. 320, c. 99; *Railroad Co.* v. *Grant*, 98 U. S. 398; *Dennison* v. *Alexander*, 103 U. S. 522; Act of March 3, 1885, 23 Stat. 443, c. 355; *Cross* v. *Burke*, 146 U. S. 82, 87.

The sum in dispute on this record, exclusive of costs, is more than one thousand and less than five thousand dollars. It is well settled that our appellate jurisdiction, when dependent upon the sum or value really in dispute between the parties, is to be tested without regard to the collateral effect of the judgment in another suit between the same or other parties. It is the direct effect of the judgment that can alone be considered. *New England Mortgage Co.* v. *Gay*, 145 U. S. 123; *Washington and Georgetown Railroad Co.* v. *District of Columbia*, 146 U. S. 227.

This case does not come within either of the sections of the act of March 3, 1885, regulating appeals and writs of error from the Supreme Court of the District of Columbia, and the writ of error must, therefore, be

*Dismissed.*