## *In re* SCHNEIDER, Petitioner. (No. 1.)

ORIGINAL.

No number. Submitted March 13, 1893.— Decided March 14, 1893.

A writ of error from this court does not lie to a judgment of the Supreme Court of the District of Columbia, dismissing the petition of a convict for a writ of *habeas corpus*.

THE petitioner, a prisoner confined in the jail of the District of Columbia, under a sentence of death, by his attorneys, moved for a writ of error from this court to review a judgment of the Supreme Court of the District of Columbia, refusing to issue a writ of *habeas corpus*, which had been prayed for in a petition to that court. The substance of the averments in the petition is printed in the margin.[1]

---

1. That the petitioner, Howard J. Schneider, is a citizen of the United States and a resident of the District of Columbia, and that he is unlawfully restrained of his liberty by the above-named respondent, Jerome B. Burke, in the District of Columbia.

2. Your petitioners further say that the facts concerning the detention of petitioner Schneider by the said respondent, and the claim or authority under and by virtue of which said petitioner is so detained, are as follows:

That on the 11th day of February, A.D. 1892, said petitioner was indicted by the grand jury of the Supreme Court of the District of Columbia, holding a criminal term, on the charge of having murdered Amanda M. Schneider;. that, thereafter, such proceedings were had in said court as that said petitioner was arraigned and tried on said indictment, and a verdict of guilty as charged in said indictment was returned against him on the 9th day of April, A.D. 1892, upon which verdict the judgment of the court was thereafter had, and sentence of death pronounced on, to wit the 7th day of May, A.D. 1892.

That, thereafter, an appeal was taken from the said judgment to the said Supreme Court of the District of Columbia, holding a general term, and, afterwards, to wit, on the 9th day of January, A.D. 1893, the said judgment was, by said Supreme Court of the District of Columbia, holding a general term, affirmed; and the said petitioner, under and in pursuance of the pro-

*Mr. William F. Mattingly, Mr. Jeremiah M. Wilson* and *Mr. A. A. Hoehling, Jr.,* for the petitioner.

This is an application for writ of error to review the judgment of the Supreme Court of the District of Columbia in

---

ceedings hereinbefore set forth, was committed to the custody of the said Jerome B. Burke, warden of the jail of the District of Columbia, and who now holds the said petitioner in custody under and pursuant to said commitment; and to execute said sentence of death on March 17th, A.D. 1893.

3. Your petitioners further aver that said judgment and the said order of commitment, and the said detention of petitioner Schneider by the said warden, pursuant thereto, was, and each of them is, unlawful and void, and that your petitioner is now restrained of his liberty under or by color of the authority of the United States, in violation of the Constitution and laws of the United States, in this, that the right of petitioner, secured and guaranteed him by the Constitution of the United States, to a trial by an impartial jury was denied him, as will more fully appear by reference to the record of said case, and all the proceedings in said trial, and of the hearing before the said general term, as announced by Mr. Justice Cox, all of which are filed herewith and prayed to be taken and read as a part of this petition.

4. Your petitioners further say that, among other reasons why said petitioner Schneider is unlawfully detained, in violation of his rights under the Constitution and laws of the United States, are the following, to wit:

(a) That the said petitioner Schneider, by the proceedings of said court (as will more fully and at large appear by reference to said record), was deprived of his constitutional right to be tried by an impartial jury.

(b) That by the laws of the District of Columbia, under and pursuant to which the said proceedings were had, your petitioner Schneider was entitled to have twenty peremptory challenges, to be exercised at his will and according to his own discretion in respect to persons who were legally competent to sit as jurors in said case, of which right he was deprived, as in said record more fully appears, and to which reference is hereby made.

(c) That during the course of the selection of the jury in said case the following named jurors, who had been summoned as such and examined on their *voir dire* were severally challenged for cause by your petitioner [here follow the names] each one of which said several challenges for cause was by the court overruled, and exception noted by the petitioner to the action of the court in holding said several so challenged for cause to be competent.

(d) That said petitioner exercised each one of the said twenty peremptory challenges allowed him by law, and, when he had so exhausted his twenty peremptory challenges, there still remained on the jury two jurors, as to each of whom your said petitioner had been by the court overruled,

Argument for Petitioner.

dismissing the petition of Howard J. Schneider in that court for a writ of *habeas corpus,* based upon the averment that, in his trial, he was denied the right and privilege, secured him

---

and said jurors, over the objection of the petitioner, were held to be competent, and sat in the trial of the said case.

(e) That among other of the jurors so challenged for cause by petitioner, and by the court held to be competent against the objection of petitioner, was one Charles W. Morris, who, being examined on his *voir dire* touching his competency to sit as a juror, testified as follows: [Here follows the testimony and a statement that a full and complete record of the case is attached.]

5. Your petitioners aver that in and by the action of the court in the matter of the selection of the jury, and over the objection of the petitioner Schneider, holding to be competent as jurors to sit in the trial of said case said several jurors so challenged for cause, he was deprived of his right to a trial by an impartial jury, secured him by the Constitution of the United States.

And your petitioners further say that in consequence of said jury, by which said petitioner Schneider was tried, not being such an impartial jury as he was entitled to have under the Constitution of the United States, for the reasons hereinbefore given, said court holding a criminal term was without jurisdiction and power to proceed with said trial, and to award judgment on said verdict, and that all said proceedings based thereon were null and void.

Wherefore your petitioners pray that the writ of *habeas corpus* may issue, directed to said Jerome B. Burke, commanding him to produce your petitioner Schneider before your honorable court, and that such proceedings may be had as may be in accordance with law.

Your petitioners, the above-named attorneys, state and aver that the reasons for uniting in this petition are the following:

That the said Howard J. Schneider has refused to read or to permit to be read to him, or to execute a petition similar to the foregoing, in his individual name. That, in their opinion, he was unable to comprehend either the purport or the necessity for the petition, and that his mental condition is such that, in the opinion of these petitioners, he is unable to intelligently comprehend and make affidavit to the same.

HOWARD J. SCHNEIDER,<br>By J. M. WILSON,<br>*His Attorney.*

J. M. WILSON,
WM. F. MATTINGLY,
A. A. HOEHLING, Jr.,
    *Attorneys for Howard J. Schneider.*

by the Constitution of the United States, to be tried by an impartial jury.

Under section 846 of the Revised Statutes of the District of Columbia, this court has jurisdiction, upon writ of error or appeal from the Supreme Court of the District of Columbia, in the same cases, and in like manner, as provided by law in reference to the final judgments, orders and decrees of the Circuit Courts of the United States.

Section 847 of the Revised Statutes of the District of Columbia provides that "no cause shall be removed from the Supreme Court of the District of Columbia to the Supreme Court of the United States by appeal or writ of error unless the matter in dispute shall be of the value of one thousand dollars, or upward, exclusive of costs, except in the cases provided for in the following section."

The cases provided for in the following section (sec. 848) are cases in which the matter in dispute shall be of the value of one hundred dollars and less than one thousand dollars, involving questions of law of such extensive interest and operation as to render the final decision of them by the Supreme Court of the United States desirable.

Section 847 was amended February 27, 1877, "by striking out the last words in the following section," and inserting the words "authorized by law;" so that, as amended, that section would read: "No cause shall be removed from the Supreme Court of the District of Columbia to the Supreme Court of the United States by appeal or writ of error unless the matter in dispute in such case shall be of the value of one thousand dollars or upward, exclusive of costs, except in the cases provided for authorized by law."

What cases are provided for, authorized by law?

By section 699 of the Revised Statutes of the United States, a writ of error may be allowed to review any final judgment at law, and an appeal shall be allowed from any final decree in equity hereinafter mentioned, without regard to the sum or value in dispute. Omitting clauses 1, 2 and 3, the section continues:

"Fourth. Any final judgment at law or decree in equity of

any Circuit Court, or of any District Court acting as a Circuit Court, in any case brought on account of the deprivation of any right, privilege or immunity secured by the Constitution of the United States, or of any right or privilege of a citizen of the United States."

This proceeding in the court below for the writ of *habeas corpus* is a civil case, brought on account of the deprivation of the right and privilege to be tried by an impartial jury secured the petitioner by the Constitution of the United States, and on which the judgment of the court below was final, denying the writ and dismissing the petition.

The act of March 3, 1885, 23 Stat. 443, c. 355, provides: That no appeal or writ of error shall hereafter be allowed from any judgment or decree in any suit at law or in equity in the Supreme Court of the District of Columbia, or in the Supreme Court of any of the Territories of the United States, unless the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars.

SEC. 2. That the preceding section shall not apply to any case wherein is involved the validity of any patent or copyright, or in which is drawn in question the validity of a treaty or statute of or an authority exercised under the United States; but in all such cases an appeal or writ of error may be brought without regard to the sum or value in dispute.

It may be claimed that the above act is a repeal or a substitute for section 847 of the Revised Statutes of the District; but we, submit that repeals by implication of law are not favored, nor permitted, where the two acts can stand together. See *Chew Heong* v. *United States*, 112 U. S. 536, 549, 550, and cases cited.

If this act of 1885 is a repeal of said section 847, then, inasmuch as the act of 1885 also includes the Territories, upon the same principle it would involve the repeal of section 1909, which gives this court jurisdiction on writs of error and appeal from the final decisions of the supreme courts of certain named Territories, where the value of the property or the amount in controversy exceeds one thousand dollars, or upon writs of *habeas corpus* involving the question of personal freedom.

That section 1909 has not been considered by this court as repealed by said act of 1885, is manifest from the decisions of this court upon questions of *habeas corpus* from those Territories. *Hans Nielsen, Petitioner*, 131 U. S. 176.

THE CHIEF JUSTICE: The application for a writ of error or appeal is denied upon the authority of *Cross* v. *Burke*, 146 U. S. 82; *In re Heath, Petitioner*, 144 U. S. 92; *Cross, Petitioner*, 146 U. S. 271; *Cross* v. *United States*, 145 U. S. 571. See also *Railroad Co.* v. *Grant*, 98 U. S. 398; *Dennison* v. *Alexander*, 103 U. S. 522; *United States ex rel. Trask* v. *Wanamaker*, 147 U. S. 149.

*Writ denied.*