ADOUE et al. v. STRAHAN et al.

(Circuit Court, W. D. Arkansas, Texarkana Division. November 14, 1899.)

1. EQUITY—JURISDICTION—QUIETING TITLE—RELIEF AT LAW.

A plaintiff out of possession of real estate, and holding the legal title thereto, cannot maintain a bill in equity in the courts of the United States against a defendant in possession to cancel a tax deed regular on its face, and which constitutes a cloud upon his title, as the effect would be to draw into a court of equity a controversy properly cognizable at law.

2. SAME—ENFORCING STATE STATUTE.

Nor will a United States court enforce a statute of a state enlarging the equitable jurisdiction of its courts, if such statute contravenes the distinction rigidly enforced in the courts of the United States between law and equity, or violates section 723 of the Revised Statutes of the United States, which provides that suits in equity shall not be sustained in either of the courts of the United States when a plain, adequate, and complete remedy may be had at law, or if it violates the defendant's constitutional right to a trial by a jury.

(Syllabus by the Court.)

Mr. Cobb and L. A. Byrne, for plaintiffs.
Williams & Arnold and Mr. Orr, for defendants.

ROGERS, District Judge. This bill was filed by the plaintiffs, who owned the property in controversy, against Kent Strahan, who was the purchaser at a tax sale, and Ike Bell, his tenant, to cancel a tax deed, regular on its face, which constitutes a cloud upon the title to the property, and for rents and profits. The bill shows on its face that the defendants are in possession of the property.

On the very threshold we are met with the proposition of law as to whether or not a party out of possession of real estate, and holding the legal title, can maintain a bill in a United States circuit court, against a person in possession, to cancel a tax deed regular on its face, and thereby remove a cloud from the legal title. In the case of Hudson v. Randolph (5th Circuit) 23 U. S. App. 681, 13 C. C. A. 402, 66 Fed. 216, Judge Pardee delivering the opinion of the court, where a demurrer had been interposed to a bill of this character, said:

"If the bill is viewed purely as one brought by the holder of the legal title to real estate against parties in possession, to recover possession, with rents and profits, and to remove clouds from title, the assignment of error is well taken. It has been settled since Hipp v. Babin, 19 How. 271, 15 L. Ed. 633, that the holder of a legal title cannot maintain an action to recover possession of the property, although coupled with a demand for an accounting as to rents and profits. It is also settled that the holder of a legal title, out of possession, cannot maintain a suit in equity in the courts of the United States, against one in possession, to recover the property and to remove clouds from the title. Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, 34 L. Ed. 873."

See, also, Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977, 37 L. Ed. 804.

The same doctrine is held in the case of Davidson v. Calkins (C. C.) 92 Fed. 230.

Counsel for the plaintiffs insist that the case of Rich v. Braxton, 158 U. S. 405, 15 Sup. Ct. 1006, 39 L. Ed. 1022, is authority in support of the bill. The court thinks not. In that case the precise question was not presented at all. Counsel also cite Holland v. Challen, 110 U. S. 15, 26, 3 Sup. Ct. 495, 28 L. Ed. 52, to the effect that United States courts of equity will respect state statutes enlarging equitable remedies. Unquestionably that is true, but it is subject to the limitation that rights created by state statutes will not be administered if they conflict with the distinction strictly observed in said courts between law and equity, or if they contravene section 723 of the Revised Statutes of the United States, which provides that suits in equity shall not be sustained in either of the courts of the United States, where a plain, adequate, and complete remedy may be had at law, or if they violate the constitutional right of parties, in actions at law, of a trial by jury. The conclusion of the court is that this court is without jurisdiction. This conclusion renders it unnecessary to discuss any of the other questions raised on the hearing. The bill will be dismissed, without prejudice.