### GIBERSON v. COOK et al.

(Circuit Court, W. D. Arkansas, Harrison Division. March 25, 1903.)

1. EQUITY JURISDICTION—FEDERAL COURTS—ADEQUATE REMEDY AT LAW.

Under Rev. St. § 723 [U. S. Comp. St. 1901, p. 583], which provides that "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law," a federal court is without jurisdiction to determine a suit to quiet title to a mining claim, submitted on bill and answer, where the bill alleges possession in complainant, but the answer denies such allegation, and alleges possession in defendants.

2. SAME—REMEDY GIVEN BY STATE STATUTE.

A state statute cannot confer on a federal court jurisdiction of a suit in equity to quiet title to real estate of which defendant is in possession.

In Equity. Submitted for final decision on bill, demurrer, pleas, and answer.

W. S. Chastain, for complainant.

J. C. Floyd and Horton & South, for defendants.

ROGERS, District Judge. The bill in this case was filed on July 12, 1902, and the amended bill was filed on the 29th of October, 1902. The amended bill charges that E. C. Giberson is a citizen of the state of Illinois, and that S. E. Cook and E. C. Cook are both residents of the county of Marion, and citizens of the state of Arkansas. It then alleges that on the 20th of June, 1899, the government of the United States was seised and possessed of the W. ½ of the N. W. ¼ of section 14, township 7 N., range 14 W., in Marion county, Ark., which lands were admitted to be subject to location and appropriation as mining lands, under the laws of the United States, the local laws, rules, and regulations of the state of Arkansas and the Marion county mining district, and that said complainant's grantors entered upon and located said land, and made and filed a mining location of the same, in accordance with all the laws, by making discovery of ore and posting notices on said lands; all said locators being citizens of the United States, and qualified to make mining locations of United States lands. The complainant then alleges that afterwards he became the possessory owner, by purchase, of all the original locators, and that he was at the time the bill was filed in possession of said lands in compliance of law, holding and mining the same, and that he has the exclusive right to do so. He further alleges that he has made applications for patents from the United States for said lands, and that the defendants have colluded and combined and made protest against his application, under some pretended claim that they are setting up against said land without right to the same, and that complainant believes that they are claiming to have located said lands as a mining claim on the 25th of November, 1896, and states that if said defendants are so claiming to have made said location, or are so claiming to have performed the annual assessment work during 1898 on said land, and are trying to convert said land

¶ 1. See Quieting Title, vol. 41, Cent. Dig. §§ 8, 9.

to their own use, that they are doing so without making satisfaction to the complainant for his right to said land; that the land exceeds in value the sum of $2,000, exclusive of interest, costs, etc. Then follow certain interrogatories, and a prayer for process and relief.

The defendants filed a general demurrer and two pleas supported by an answer. The first plea sets up that the property is not worth the sum of $2,000, exclusive of interest, costs, etc. The second plea pleads the statutes of Arkansas, which require suits for mining claims to be filed within one year after the cause of action accrues. Without going into details, the answer practically denies all the allegations in the bill, including the possession of the complainant to the property, and affirmatively alleges that the defendants are in possession, and have been since 1896, and that they have been doing all the work on such place, each year, which the law required.

The complainant files a replication to the answer, but does not file any replication to the two pleas; and the whole case was, by stipulation, submitted to the court on the demurrer, the two pleas, and the answer, and certain depositions. The latter I need not notice, as they are not essential to the determination of the case; the demurrer I may waive.

On their face, both pleas seem to be good, and perhaps, in view of the manner in which the case has been submitted, the bill should be dismissed without looking to the answer at all. "The office of a plea is to present some distinct fact which of itself is a bar to the suit, and avoids the necessity of going into the evidence at large. When a plea is interposed, the complainant has the option to set it down for argument, and thereby to challenge its legal sufficiency, or to deny the truth of the averments it contains, and to go to a hearing on the questions of fact. If he adopts the former course (which was done in this case), he thereby admits the truth of the facts stated in the plea, but denies their sufficiency in law to prevent his recovery. If he takes the latter course, he admits that, if the facts stated in the plea existed, they were legally sufficient to defeat his suit, but denies their existence. The appellant took the latter course. She did not set the plea down for argument, but she filed a general replication to it, and went to a final hearing upon the issue thus presented. She thereby admitted that the plea was sufficient in law, and the only question she raised was whether or not the allegations of the plea were true in fact; and if, upon the final hearing, they proved to be true, the appellees were entitled to a dismissal of the bill." Daniels v. Benedict et al., 97 Fed. 374, 38 C. C. A. 592, citing U. S. v. California & O. Land Co., 148 U. S. 31, 39, 13 Sup. Ct. 458, 37 L. Ed. 354; Farley v. Kittson, 120 U. S. 303, 314, 315, 316, 7 Sup. Ct. 534, 30 L. Ed. 684; Hughes v. Blake, 6 Wheat. 453, 472, 5 L. Ed. 303; Rhode Island v. Massachusetts, 14 Pet. 210, 215, 10 L. Ed. 423.

But the question was raised in this case, where the pleas were set down for hearing without a replication, as to what course the court should pursue, after having held the pleas to be good; that is to say, whether it should dismiss the bill, or send it back to rules, permitting a replication to be filed to the pleas, and give the complainant an opportunity to show that they were false. Ordinarily, where a case

is submitted in the regular way, upon a plea to which no replication has been filed, if the plea is held good the complainant should be allowed to file his replication, and go to trial on the facts. U. S. v. Dalles Military Road Co., 140 U. S. 599, 11 Sup. Ct. 988, 35 L. Ed. 560.

This cause, however, having been submitted on stipulation for final determination, the court, under ordinary circumstances, might well be justified in dismissing the bill. Inasmuch, however, as the court has but recently been established, and the chancery practice is not as well understood as it might be, the court has concluded to make no decision on the pleas, but to look to the bill and answer, which raises another question fatal to the bill, for which no amendment could, in any event, avail. The bill alleges that the plaintiff is in actual possession of the property; the answer denies it. Can a court of chancery, under federal procedure, take jurisdiction of such a case? The answer must be in the negative. The reason is plain. Section 723 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 583] provides: "Suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law." If the complainant is out of possession, and the defendants are in possession, ejectment will lie, which is a complete remedy; and if neither party is in possession a bill in equity will not lie, under the English chancery practice, to quiet the title.

Chapter 128 of Sandel's & Hill's Digest of the statutes of Arkansas makes provision for filing bills in equity by persons out of possession. This statute enlarges the remedies existing under the equity chancery practice in force in the federal courts. The question arises whether or not state statutes may enlarge the jurisdiction of the chancery courts of the United States? In many instances they may; in others they cannot. The line of distinction is well stated by Judge Wellborn in Davidson et al. v. Calkins et al. (C. C.) 92 Fed. 231, in these words:

"Enlarged equitable remedies given by the statutes of a state may be administered by a federal court unless they conflict with the distinction, strictly observed in said courts, between law and equity; but where there is a plain, adequate, and complete remedy at law for the enforcement of the right a federal court, under Rev. St. § 723 [U. S. Comp. St. 1901, p. 583], is without jurisdiction of a suit in equity. A federal court is without jurisdiction of a suit in equity to determine or quiet the title to real estate of which defendant is in possession, though such a suit is authorized by the statute of the state, as the effect would be to draw into a court of equity a controversy properly cognizable at law. A right of action of a claimant to a mining claim who is out of possession, against another in possession, concerns possessory rights, the title being in the United States, and his remedy is at law."

These quotations are taken from the syllabus of the opinion. The opinion itself will be found exhaustive and instructive.

The court holds, therefore, that it is without jurisdiction to try this case, and the bill must be dismissed, at the cost of the complainant. It is so ordered.