### OREGON R. & NAV. CO. v. SHELL et al.

(Circuit Court, D. Washington, S. D.   December 3, 1903.)

#### No. 211.

1. UNITED STATES CIRCUIT COURT—JURISDICTION—PECUNIARY LIMIT—RAILROAD RIGHT OF WAY—SUIT TO ENJOIN TRESPASS AND CORRECT DEED.

The circuit court has no jurisdiction of a suit to correct an ambiguity in the deed of a railroad right of way, and to restrain the removal of gates at a crossing in the inclosure thereof, where the value of the realty and the damage accruing to adjacent property from the road's construction are not shown to exceed $2,000; and the fact that animals may stray on the track through the threatened openings in the inclosure, and cause wrecks occasioning great damage, does not help the case, since, when jurisdiction depends on a particular sum, suits where the right involved cannot be calculated in money are not within it.

The complainant, a railroad corporation, claiming to own a right of way 100 feet wide for each of two parallel lines of railroad crossing land owned by the defendants, under a deed describing the right of way granted by the words: "A strip of land 100 feet in width, being 50 feet in width on each side of and parallel with the center line of the main track of the Oregon Railway & Navigation Company's railroads as the same are staked out and located over and across the lands of," etc.—commenced this suit to correct a supposed ambiguity in said deed, so as to make the same more clearly describe a right of way 100 feet wide for each of its two lines, and for an injunction to restrain the defendants from removing gates of the right of way fences opposite a crossing, the right of way having been inclosed and the owners of the land having a private way across the tracks. The bill of complaint contains an averment that the complainant's right to maintain said gates, which is disputed by

¶ 1. Jurisdiction of circuit courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.

the defendants, is necessary for safety in operation of its railroads, and that the value thereof exceeds $2,000, and said averment is denied by the defendants' answer. On final hearing. Findings and decree that the value of the matter in controversy is not sufficient, and that the case be dismissed for want of jurisdiction.

Cotton, Teal & Minor and L. S. Wilson, for complainant.

T. P. Gose and C. C. Gose, for defendants.

HANFORD, District Judge (after stating the facts as above). The jurisdiction of the court over this case is disputed on the ground that the controversy does not involve anything exceeding $2,000 in value. The complainant contends that the subject of the controversy is its right to inclose the right of way; that an open way across its tracks by which animals may come upon the roadbed is a menace to the safety of all trains; that accidents which may happen by reason of collisions with animals which the utmost vigilance may not prevent may cause personal injuries to and death of many of its passengers and employés, and destruction of property of immense value; that the difference in value to it of an inclosed right of way compared with an uninclosed right of way is very great; and that the exact or proximate value cannot be calculated. This contention is strongly supported by uncontradicted evidence as to all the facts involved. On the other hand, the defendants contend that the question of jurisdiction is to be determined by the application of the rule that for the appropriation of the land required for its right of way with full title and absolute dominion over it, including the right to inclose it, the complainant will only be obligated to pay the reasonable value of the land actually appropriated and the amount of damages which the owners of the land may be entitled to claim by reason of the construction and operation of the railroad; that if the complainant prevails in this lawsuit the defendants will only lose the amount of such value and damages, the aggregate amount of which constitutes the pecuniary value of the subject of controversy; and that the evidence does not prove said amount to be more than $2,000.

It is my opinion that in the mere statement of the two opposing propositions the superior strength of the defendants' position, in reason, is obvious; for if the court should grant a decree in favor of the complainant for all the relief demanded it will gain and the defendants will lose only the pecuniary advantage of having possession and complete control of the right of way, and the value thereof cannot be greater than the amount which the complainant would be obliged to pay to the defendants in order to acquire possession and complete control, if it did not claim to be already entitled thereto. The authorities also sustain the defendants' theory of the law. 18 Encyc. Pl. & Pr. 270, n. 2; Security Company v. Gay, 145 U. S. 123, 12 Sup. Ct. 815, 36 L. Ed. 646; Clay Center v. Farmers' Loan & Trust Co., 145 U. S. 224, 12 Sup. Ct. 817, 36 L. Ed. 685; Washington & Georgetown R. R. Co. v. District of Columbia, 146 U. S. 227, 13 Sup. Ct. 64, 36 L. Ed. 951; United States v. Wanamaker, 147 U. S. 149, 13 Sup. Ct. 279, 37 L. Ed. 118.

The pleadings make an issue, and the burden of proof is upon the complainant, and, as the case was tried only upon the complainant's theory, no evidence was offered with respect to the value of the right of way nor of the amount of damages caused by the railroad, and the court is unable to make the findings necessary to sustain its jurisdiction. Therefore the case must be dismissed.

Were the complainant's theory accepted the result would be the same, for there is no certainty that trains will be wrecked in consequence of the opening of the right of way fence at the particular place in controversy, and it is not possible to even conjecture the amount of the damages if one or more such accidents should occur, nor will closed gates afford absolute protection against accidents of the kind apprehended. Hence the value of the right to maintain closed gates cannot be calculated, and the case falls within the rule that, where jurisdiction depends upon a specified amount, jurisdiction does not attach to any case in which the right involved cannot be calculated in money. 1 Encyc. Pl. & Pr. 719; Kurtz v. Moffitt, 115 U. S. 498, 6 Sup. Ct. 148, 29 L. Ed. 458.

A decree will be entered dismissing the case, with costs.