## UNION PAC. R. CO. v. CUNNINGHAM et al.

(Circuit Court, D. Nebraska, North Platte Division. July, 1909.)

1. COURTS (§ 328*)—JURISDICTION OF FEDERAL COURTS—AMOUNT IN DISPUTE.

In a suit by a railroad company to quiet title to a specific portion of its right of way which lies more than 100 feet from its tracks, and has never been used in the operation of its road, the amount in dispute for the purpose of determining the jurisdiction of a federal court is the value of the land in controversy, and not the value of the company's right to operate its road.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.*

Jurisdiction of circuit courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

2. QUIETING TITLE (§ 4*)—FEDERAL COURTS—EQUITY JURISDICTION—REMEDY AT LAW.

The grant by Congress to the Union Pacific Railway Company of right of way for its road over the public lands vested such company with title

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in fee simple to the right of way appropriated thereunder, subject to defeasance by abandonment only, and the company or its successor, having an adequate remedy by ejectment against one who has taken possession of a portion of its right of way, cannot maintain a suit in equity to quiet title thereto.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 6; Dec. Dig. § 4.*]

3. COURTS (§ 371*)—FEDERAL COURTS—EQUITY JURISDICTION—REMEDY AT LAW.
   In view of the provision of Rev. St. § 723 (U. S. Comp. St. 1901, p. 583), that suits in equity shall not be sustained in the federal courts in any case where a plain adequate and complete remedy may be had at law, a state statute authorizing the legal owner of real estate to maintain an equitable action to quiet his title against another party in possession cannot confer jurisdiction of such a suit on a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 907; Dec. Dig. § 371.*]

In Equity. On pleas to the jurisdiction.

Edson Rich, E. H. Crocker, and John A. Sheean, for plaintiff.

William E. Shuman, Hoagland & Hoagland, and John J. Halligan, for defendants.

W. H. MUNGER, District Judge. In this case the complainant filed its bill in this court, asking to have its title and right to the possession of a certain tract of land described by metes and bounds, constituting a fraction over one and one-half acres, quieted in it, and a cloud cast upon its title by a deed executed by the defendant Roy B. Tabor, as trustee, to the defendant Wilson M. Cunningham, removed therefrom.

The bill alleges that complainant is a railroad company, operating a line of road from Council Bluffs, in the state of Iowa, to Ogden, in the state of Utah; that Congress granted to its predecessor over the public lands a right of way consisting of 400 feet, 200 feet on each side from the center of its main track; that the land in question is a part of the outer 100 feet on the south side of its track; that the deed from the defendant Roy B. Tabor to the defendant Wilson M. Cunningham described by metes and bounds a portion of said southern 100 feet. The defendants Roy B. Tabor, trustee, and the city of North Platte, have each filed a plea to the jurisdiction of the court, based upon the ground that the amount in controversy does not equal the sum or value of $2,000. The defendant Wilson M. Cunningham has filed a plea to the jurisdiction of the court on the ground that he is, and was, at the time of the commencement of the suit, in the sole and exclusive possession of the premises in question; that, by reason thereof, complainant has a complete and adequate remedy at law by ejectment. Complainant has filed replications to the pleas of the defendants Tabor and Cunningham, testimony has been taken by the respective parties in respect thereof, and a stipulation has been filed that the testimony so taken may be used upon the hearing of each of the said pleas. The plea of the city of North Platte was not filed until after said testimony was taken, and there is no stipulation that it shall apply in support of such plea. From the evidence it clearly appears that the land in controversy is situated more than 100 feet away from

the center of the main track of the complainant's road. Complainant has a side track between its main track and a portion of the land in controversy, but such side track appears to be more than 80 feet distant from any of the land in question.

Upon the question as to the value of the land in controversy, it is claimed on the part of the complainant that, as the strip of ground is a part of its right of way, the amount in controversy is to be determined by the value to complainant of the right to operate its trains between Council Bluffs and Ogden, which is shown to be several millions of dollars annually. On the part of defendants, it is contended that, as the particular tract in question is in no manner used or required by complainant at this time in the operation of its road, the amount in controversy is the value only of the particular tract in question, which is shown by the evidence to be worth not to exceed at most $500.

In support of its contention, complainant cites and relies chiefly upon the case of Louisville & N. R. Co. v. Smith et al., 63 C. C. A. 1, 128 Fed. 1. That case was one in which the owners of certain lands over which the railroad's right of way was operated were contending that the railroad company had no right across their lands, were insisting upon their right to cultivate their land to the end of the ties of the track, and were refusing and preventing the railroad company from going upon the land to repair its track, so that it could be operated as a railroad. The railroad company brought an action to enjoin the defendants from such interference and to quiet its title to the right of way. It was held in that case that the acts and threatened acts of the defendant were such as to prevent the future operation of the road across said land; in other words, that, if defendants were permitted to continue their action, the effect would be to carve a strip out of the line of road over which the railroad company would be prevented from operating its trains, and in that case it was said that the matter in controversy was not that strip of ground, but was the right of complainant to operate its road across the tract of land, and hence that the amount in controversy was the value to complainant of its right to operate its road. No such question is involved in this case. The undisputed testimony shows that complainant has in no manner ever occupied or used the strip of land in question; that it has for upwards of 20 years been occupied by individuals; that a road has been continuously used by the public between the strip of land in controversy and complainant's tracks. While it is true that complainant's title to its right of way cannot be divested by the use and occupation of a portion thereof by individuals for any period of years, yet such unmolested use and occupation are circumstances showing that complainant is not disturbed in the full right to operate its trains the entire length of its road, and hence that such right is not the subject-matter in controversy. The subject-matter in controversy is the right to the possession of the particular tract in question, and it is the value of such tract that determines the jurisdiction of the court. Cowell v. City Water Supply Co., 121 Fed. 53, 57 C. C. A. 393; Oregon R. & N. Co. v. Snell (C. C.) 125 Fed. 979; Smith v. Adams, 130 U. S. 175, 9 Sup. Ct. 566, 32 L. Ed. 895. As the tract of land in controversy does

not exceed in value the sum of $500, it follows that the plea to the jurisdiction filed by the defendant Roy B. Tabor must be sustained.

In support of the plea filed by Wilson M. Cunningham, the evidence clearly shows that at the time the action was commenced he was in the actual and exclusive possession of a portion of the tract described; that he and his immediate predecessors had had possession and had the same inclosed by a fence for a number of years, and it is claimed that complainant has an adequate remedy at law by ejectment. It is said on the part of the complainant that, as it has merely an easement to the property, it has not such title as gives a right of action by ejectment. The act of Congress in question, however, gave to complainant more than a mere easement. It conveyed the legal title or fee to the right of way, subject to be defeated by abandonment only. Hence complainant has such title upon which it can base an action of ejectment. Northern Pacific Ry. Co. v. Townsend, 190 U. S. 267–271, 23 Sup. Ct. 671, 47 L. Ed. 1044. Complainant having the legal title, and the defendant being in possession, complainant has a complete and adequate remedy at law, and cannot, under section 723 of the Revised Statutes, invoke in the federal court its equitable jurisdiction. U. S. v. Wilson, 118 U. S. 86, 6 Sup. Ct. 991, 30 L. Ed. 110; Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, 34 L. Ed. 873; Boston & C. Mining Co. v. Montana Ore Co., 188 U. S. 632, 23 Sup. Ct. 434, 47 L. Ed. 626; Gombert v. Lyon (C. C.) 80 Fed. 305; Jones v. MacKenzie, 122 Fed. 390, 58 C. C. A. 96; Adoue v. Strahan (C. C.) 97 Fed. 691; Gordan et al. v. Jackson (C. C.) 72 Fed. 86; Giberson v. Cook et al. (C. C.) 124 Fed. 986.

It is, however, insisted by complainant that, as under the state statute the owner of the legal title may maintain an action in equity to quiet title as against a party in possession, such right may be maintained in the federal courts, and cites in support thereof the case of U. S. v. Leslie (C. C.) 167 Fed. 670. New rights created by state statutes, which did not exist at common law, may be enforced in the federal court, if agreeable to the practice and procedure of such court. Thus, while at common law, the owner of the fee title to real estate could not maintain an action to quiet title unless he was in possession, such right may be maintained in the federal court under the state statute, where no one is in possession. But a state statute which authorizes a suit to quiet title by a party out of possession against a party in possession cannot be maintained in the federal court, as section 723 of the Revised Statutes (U. S. Comp. St. 1901, p. 583) provides "that suits in equity shall not be sustained in either of the courts of the United States in any case where plain, adequate and complete remedy may be had at law." That the state statute authorizing the owner of real estate to maintain an equitable action to quiet his title against a party in possession does not enlarge the jurisdiction of the federal courts of equity was held by this court in Gombert v. Lyon (C. C.) 80 Fed. 305, by the Supreme Court in Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, 34 L. Ed. 873, and Boston, etc., Mining Co. v. Montana Ore Co., 188 U. S. 632, 23 Sup. Ct. 434, 47 L. Ed. 626, and by courts in this circuit in Sanders v. Devereaux, 60 Fed. 311, 8

C. C. A. 629, Frey v. Willoughby, 63 Fed. 865, 11 C. C. A. 463, Gordan et al. v. Jackson (C. C.) 72 Fed. 86, Adoue v. Strahan (C. C.) 97 Fed. 691, and Giberson v. Cook et al. (C. C.) 124 Fed. 986. It would thus appear that the complainant has an adequate remedy at law by ejectment. The deed in question from Tabor to Cunningham of the strip in question shows upon its face that it conveys a portion of complainant's alleged right of way, and was executed by a stranger to the title. Such being the fact, it does not cloud complainant's title in a manner to call for the aid of a court of equity. Phelps v. Harris, 101 U. S. 370, 25 L. Ed. 855; Mackall v. Casilear, 137 U. S. 556, 11 Sup. Ct. 178, 34 L. Ed. 776. Therefore the plea of the defendant Cunningham is sustained.

For these reasons, complainant's bill is dismissed, without prejudice to bringing an appropriate action at law in the proper forum.