## ATCHISON, T. & S. F. RY. CO. v. PHILLIPS et al.

(District Court, W. D. Missouri, W. D. June 3, 1926.)

No. 5694.

1. Courts ⬤⇒329.

Primarily, amount in controversy, as respects federal court's jurisdiction, must be determined from initial pleading.

2. Courts ⬤⇒280.

Where bill contains appropriate jurisdictional allegations, court's jurisdiction is shown prima facie, and burden of proving contrary is on defendant.

3. Evidence ⬤⇒20(2)—Court takes judicial notice of increasing service of public carriers and immense tonnage carried, and tendency to build double tracks and side tracks and spurs, necessitating use of whole right of way, where not wider than 100 feet.

Court takes judicial notice of ever-increasing service of public carriers, immense tonnage carried by such corporations, and tendency to build double tracks on trunk lines, and side tracks and spurs at congested centers, necessitating use of whole right of way, where not wider than 100 feet.

4. Courts ⬤⇒329—Where petition of railroad, suing to quiet title to land within 50 feet of center of main track, alleged that value for railroad purposes was in excess of $3,000, evidence in support plea to jurisdiction would not be heard.

Where petition, in suit by railroad to quiet title to land within 50 feet of center line of main track, alleged that land was necessary

for operation of railroad, and that its "value for railroad purposes" was in excess of $3,000, *held*, that court would not hear evidence in support of plea to jurisdiction of federal court, since it would be difficult, if not impossible, for court to value such property for railroad purposes.

In Equity. Suit by the Atchison, Topeka & Santa Fé Railway Company against Earl W. Phillips and others. On defendant's plea to the jurisdiction of the court, on the ground that amount in controversy is below jurisdictional limit. Plea overruled.

Cyrus Crane, George J. Mersereau, John H. Lathrop and Richard S. Righter, all of Kansas City, Mo., for plaintiff.

Joseph E. Black, of Richmond, Mo., and Jacobs & Henderson, of Kansas City, Mo., for defendants.

REEVES, District Judge. The defendants have challenged the jurisdiction of this court upon the ground that the amount in controversy is below the jurisdictional limit. The suit is primarily one to quiet title to certain parcels of ground in the town of Henrietta, Ray county, Mo. The petition alleges "that the said parcels of land, as so described, now constitute, and at all the times hereinafter mentioned have constituted, parts of plaintiff's right of way in and through the town of Henrietta, * * * and are now, and were at all of the times hereinafter mentioned, devoted to and necessary for the operation of plaintiff's said line of railroad, and each of said tracts is of value to it for railroad purposes in a sum in excess of three thousand dollars ($3,000.00)."

[1] 1. Primarily, the amount in controversy must be determined from the initial pleading. Lewis on Removal of Causes, § 61.

[2] 2. Moreover, where a bill, as in the instant case, contains appropriate jurisdictional allegations, jurisdiction is affirmatively shown prima facie, and the burden of proof, on an issue joined thereon, rests on the defendants. Auto Acetylene Light Co. v. Prest-O-Lite Co. (C. C. A.) 276 F. 537, certiorari denied 258 U. S. 622, 42 S. Ct. 314, 66 L. Ed. 795; Hunt v. N. Y. Cotton Exchange, 205 U. S. 322, loc. cit. 333, 27 S. Ct. 529, 51 L. Ed. 821.

3. Defendants have indicated a desire to offer proof in support of their plea to the jurisdiction of the court, but the proof suggested is of such nature that the court would not be justified in hearing same, for the reason hereinafter expressed.

4. The excerpt from the petition quoted herein shows that the plaintiff values said land as a part of its right of way and "for railroad purposes," and states that such parcels of ground are "necessary for the operation of plaintiff's said line of railroad." From a reading of other parts of the petition, and referring to a plat appended thereto, it appears that the parcels of ground in question are within 50 feet of "the original center line of the main track."

[3] The court must take judicial notice of the ever increasing service of public carriers and the immense tonnage carried by public service corporations. Furthermore, the court is not without judicial knowledge of the present tendency upon the part of such corporations to build double tracks on trunk lines, and side tracks and spurs at congested centers. Unquestionably this would call for the use of the whole of the right of way, where not wider than 100 feet.

[4] In view of these considerations, the court may anticipate the testimony of the railroad company, if proof should be taken upon the question as to the value of the parcels of ground in suit. It would be difficult, if not impossible, for the court to arrive at a fairly approximate value of such property "for railroad purposes."

5. A careful study and analysis of the cases cited by the defendants will not warrant the court in applying the principles announced therein. The case most relied upon by the defendants is Union Pacific R. Co. v. Cunningham (C. C.) 173 F. 90. Judge Munger, of the district of Nebraska, had before him a case where the right of way was 400 feet in width, and not 100 feet, as in the instant case. The railroad track was in the center of this right of way, and the parcel of ground in dispute in that case was "a part of the outer 100 feet on the south side of its track."

Judge Munger was of the opinion that the particular parcel, being more than 100 feet from the center of the main track, with a highway running between it and the said track, was not essential to the operation of plaintiff's trains; and that therefore the normal intrinsic value of such parcel of ground would be determinative of the court's jurisdiction. The difference between the two cases is easily discernable.

In view of the above, the plea to the jurisdiction of the court will be overruled.