## WELCH *v.* BRYANT *et al.*

(Division B.   June 2, 1930.)

[128 So. 734.   No. 28757.]

560

F. H. Bush, of Laurel, for appellant.

W. S. Welch and Ellis B. Cooper, both of Laurel, for appellees.

**Griffith, J.,** delivered the opinion of the court.

Appellant filed his bill for injunction in the chancery court of the second district of Jones county, and thereby alleged that he is a patron of Union Line consolidated school in said county, and that the contractor, having charge of the transportation of the children, among whom were the children of appellant, had put in charge of the school truck an incompetent and reckless driver, who habitually violated all the rules regulating that service, and to such an extent that for their necessary safety appellant had been obliged to refuse to further permit his children to be transported on said truck. All necessary parties were made defendants. The bill prayed an injunction to restrain and prohibit the further employment of the alleged incompetent and reckless driver. The bill duly verified was presented to the chancellor and he issued his fiat for the injunction as prayed. In the same order the chancellor directed that the defendants appear before the judge of the county court on a day therein named, "there to plead, answer or demur to the allegations of said bill and show cause if any they may why this injunction should not be made perpetual and the full prayer of said bill granted." The bill appears by its indorsements to have been filed first in the chancery court as aforesaid, but a few days later it was filed also in the county court. The answer of the defendants was filed both in the chancery and in the county court, and likewise the motion to dissolve the injunction.

On the day fixed, the parties appeared before the county judge, and a full hearing was had before him on the motion to dissolve, which motion was by him then sus-

tained. An appeal was taken to the circuit court, which affirmed the decree, and a further appeal has brought the matter to this court.

We shall first consider the case as if it were instituted originally and in the first instance in the county court. The act creating the county court, chapter 131, section 1, Laws 1926, section 725, Hemingway's Code 1927, provides that the county court "shall have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount or value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of one thousand dollars." The suit being solely for injunctive relief, it is exclusively of equitable cognizance. "As a general rule courts of chancery concern themselves only with matters of property and the maintenance of civil rights." 21 C. J., p. 154; Griffith, Chan. Pr., sections 25, 44, and 435. No property rights are involved in the case, and it must depend for its jurisdiction in equity on that subdivision of the jurisdiction which is exercised for the maintenance of civil rights, of which the case of Hobbs v. Germany, 94 Miss. 469, 49 So. 515, 22 L. R. A. (N. S.) 983, is an example, somewhat similar in principle to the case at bar. But since civil rights, strictly so considered, are not measurable in terms of money, how can it be said that such a case is one "wherein the amount or value of the thing in controversy shall not exceed . . . the sum of one thousand dollars?"

"A court of inferior jurisdiction cannot entertain a controversy which is not clearly within the comprehension of the law conferring jurisdiction." 15 C. J., p. 982, and cases cited under note 10. We cannot disregard the express terms of the statute limiting the jurisdiction in civil cases to those wherein the amount or value of the thing in controversy shall not exceed one thousand dollars. Nor can we assume that an asserted civil right is of little value and certainly less than one

thousand dollars, when these rights are not to be measured in dollars, and, more often than otherwise, rise far above any pecuniary considerations or monetary standards. We are obliged to say therefore that the county court has no jurisdiction in equity for the maintenance of civil rights, there being no property or property interests involved; and that it was never intended to share the jurisdiction of the superior court of chancery with an inferior court in those great questions, often far reaching in their importance, which have their dependence in equity alone upon that jurisdiction which is exercised for the maintenance and protection of civil rights. We must say, as has been held in the federal courts, that, where the jurisdiction is made by statute to depend on a specified amount, the "jurisdiction does not attach to any case in which the right involved cannot be calculated in money." Oregon R. & Nav. Co. v. Shell (C. C.), 125 F. 979, 981; Id. (C. C.), 143 F. 1004, citing 1 Ency. Pl. & Pr. 719, and Kurtz v. Moffitt, 115 U. S. 498, 6 S. Ct. 148, 29 L. Ed. 458.

We come thus to the second question, which is whether the quoted order of the chancellor transferred or could transfer the jurisdiction to the county judge. Although there are some special provisions for the transfer of certain cases by the circuit court, there are none such for transfers by the chancery court. The sole power of the chancellor in that regard is found in section 9 of the said County Court Act, section 736, Hemingway's 1927 Code, which, after empowering the county judge not only to issue writs of habeas corpus but to try matters of habeas corpus, then proceeds expressly to withhold from him any "original power to issue writs of injunction or remedial writs other than of habeas corpus," and the section thereupon continues as follows: "But when any judge authorized to issue such writs of injunction or remedial writs shall so direct in writing the hearing of applications therefor may be by him referred to or be re-

turnable before the county judge, in which event the said direction of the superior judge shall vest in the said county judge all authority to take such action therein as the said superior judge could have taken under the right and the law, had the said application and the said hearing been at all times before the said superior judge.''

When an application for a preliminary injunction is presented to a superior judge, he ought not, under the law, and it is therefore presumed that he will not, issue the order therefor ''without a citation upon or notice to the defendant giving a reasonable opportunity to him to be heard in opposition thereto, save only in cases where it is either wholly impracticable to give such notice, or else the circumstances are so extremely urgent as to permit of no delay.'' Pitts v. Carothers, 152 Miss. at page 703, 120 So. 830, 832. The quoted provision in the county court act gives the power to the superior judge to refer the application, or the application and the hearing, or the hearing on the application, for a preliminary injunction to the county judge, but when the county judge to whom such an application or the hearing thereon has been referred has acted on the application and has either ordered the issuance of the writ or has denied it, then all powers of the county judge under the reference are at an end. He can do nothing further after the issuance of the writ. He cannot, under such a reference, hear a motion to dissolve nor otherwise act in the further progress of the case. It is interesting to note that the new Code of 1930 contains this matter of the hearing by the county judge by virtue of an order of reference by a superior judge in a proviso, and follows the proviso with this language: ''The jurisdiction authorized under the foregoing proviso shall cease upon the denying or granting of the application,'' thereby making the section speak more clearly what was the intent and operation of the section, even from the time of its original enactment.

The county court had no original jurisdiction of this case; and the application for the injunction having already been granted and the issuance of the writ ordered by the chancellor, the powers that otherwise might have been exercised by the county judge under an order of reference were exhausted. It follows therefore that the proceedings in this case before the county judge were coram non judice, and the fact that all parties there appeared, and consented to that proceeding, adds nothing to it, under the well-established rule that consent cannot confer jurisdiction of the subject-matter. There being no jurisdiction in the county court, there was none of an appeal therefrom to the circuit court, and, in further consequence, none of the appeal now brought here. However, under the recent case of Jones v. State, 155 Miss. 364, 123 So. 882, 124 So. 374, we will not in such case merely dismiss the appeal, but will reverse and remand; and since the case remains in the chancery court without any action having been taken therein by the chancery court, other than the ordering of the preliminary injunction, the case is remanded to that court.

Reversed and remanded.