LADNIER *v.* INGRAM DAY LUMBER CO. ET AL.

[85 South. 196, In Banc. No. 21221.]

1. TRESPASS. *Statutory penalty for cutting trees punishment and re-muneration for tort.*

This statute (section 4977, Code of 1906; section 3246, Heming-way's Code) affixes to a tree an arbitrary value without regard to its intrinsic value, and the penalty therein prescribed par-takes both of the nature of a punishment and of a remuneration for the tortious act.

2. TRESPASSING. *Recovery only of penalty for cutting trees or value of manufactured timber.*

Where plaintiff seeks to recover the statutory penalty in one count of the declaration and the actual value of the lumber made from these trees, he can only recover either the statutory penalty or the value of the lumber, but cannot recover both.

APPEAL from the circuit court of Harrison county.
HON. D. M. GRAHAM, Judge.

Action by Clozelle Landier against the Ingram Day Lumber Company, and others. Plaintiff required to elect upon which count he would proceed, and verdict for plaintiff on that count, and he appeals. Affirmed.

See, also, 84 So. 385.

*T. M. Evans,* for appellant.

We submit that the statutory action provided under section 4977, Code of 1906, is independent of any com-

monlaw action that existed at the time of the enactment of said statute that it names specifically the acts for which the penalty is imposed, to-wit: Cutting down, when the tree is cut down the cause of action is complete; deaden, when the tree is deadened, the cause of action is complete; destroy or carry away, when the tree is destroyed or carried away, the action is complete and yet the title to the timber so cut down, deadened or carried away, remains in the owner of the land and his right to use said timber for any purpose does not affect his right to recover the timber by writ of replevin and is not affected by reason of his right to recover the penalty for the cutting down or carrying away the timber, and that he has a right to recover the statutory penalty for cutting down, deadening, destroying or taking away the already cut or fallen timber independant of his right to sue for trespass for the wrongful entry upon his land with tools and teams and wagons and necessary implements for the cutting down, deadening or taking away of said timber.

But the statutory penalty does not cover any other damage or trespass committed by the persons who cuts down, deadens, destroys or carries away, if already down, a tree on the land of another, as he may commit other trespasses in addition to the statutory offense while cutting down the tree on the land of another, as he may mash down the grass and destroy the undergrowth for which he would be liable for trespass.

We again call the court's attention to the fact that in preparing this declaration in the first count, we sue solely for the statutory penalty without reference to the value of the timber and without reference to any damages done to the land by reason of the wrongful entry and trespass upon the lands with hands and teams and axes and utensils for the purpose of removing said timber; and that the second count of the declaration is for the value of the timber wrongfully converted by the defendants into money and applied to the defendant's own use

and benefit, without any reference to the statutory penalty or trespass on the land and that the third count is for the trespass upon the land with hands, teams and tools, destroying the grass and destroying certain timber on the adjoining land.

We submit that the courts of Mississippi have recognized that the several counts could be joined in one declaration in a number of cases. In the case of *Keystone Lumber & Improvement Company* v. *McGrath et al.*, 21 So. 301, the declaration contains three counts; the first was for the statutory penalty for cutting the tree; the second was for the value of the timber destroyed and for cutting roads across the land, despoiling and cutting up the land, and filling it with ruts and ravines, and destroying the timber, brush, and undergrowth; the third was for the value of the timber that was manufactured into lumber. In this case WHITFIELD, J., said: "As to the two or three trees on the western border of the land, the jury were well warranted in awarding the plaintiff the statutory penalty. Carrying away a tree already cut or fallen is as much within the statute as cutting trees; the plaintiffs were also entitled to such actual damages as the testimony fairly showed that they had sustained, by reason of the cutting up of the land by the wagons. In this case the court said the damage was excessive, and the cause reversed."

In the case of *A. A. Miller et al.* v. *J. M. Wesson, Jr., et al.*, 58 Miss. 831 to 835, the declaration contained three counts; the first to recover the penalty given by the statute for trees cut and carried away without consent of plaintiff; the second for the reasonable value of such trees, and the third for the money received by defendant from the sale of such trees. In this case the court said (On page 834): "The statute prescribes a penalty to be recovered by the owner of the tree, and it has been held several times that he may unite with his demand for the penalty, one for the value of the tree." Again the court

says: "The first count in the declaration is debt for statutory penalty, and the third plea is not an answer to the count, because the owner has the right to recover, according to the statute." Again the court says: "The other counts, are for the value of the trees and for money received for them, and not being for statutory penalty, must be maintainable without the statute, for they do not rest on it. They are sufficient and what will bar them must be determined by the general law; and the test is whether they would be maintainable without the first count, for each count is as distinct as if it was in a separate declaration, and must be tried by itself, except as it may contain a reference to another in expressed terms.

We repeat that the right to recover the four thousand seven hundred and thirty dollars sued for in the first count, is the statutory right given to the owner of the land as the penalty for the wrongful act of the cutting, deadening or taking away of the timber, and independent of the trespass on the land or the conversion of the timber. The letter of the statute gives a penalty upon proof of any cutting upon the land of another. In the case of Keirn v. Warfield, 60, Miss. 799 to 808, the declaration contained two counts; first, for the statutory penalty for cutting the timber; second count, for the value of the timber or trees alleged to have been taken. The first, second, sixth, seventh and twelvth instructions given for the defendant appear on pages 801 and 802. In this case on page 807, the court said: "There was much evidence in the case that tended to prove that defendant had cut and used the trees of plaintiff, either intentionally or without the exercise of proper care and caution to avoid such a trespass.

Upon the count in the declaration for the actual value of the trees taken, plaintiff was at least entitled to a verdict and judgment for nominal damages, though no actual value was proved. Every breach of duty or violation of right entitles the party wronged to damages, and

if none other be shown, nominal damages should be awarded. 2 Greenl. on Ev., sec. 254; Sedgw. on Dam. 45 et al.''

Under the aforesaid authority, the plaintiff was clearly entitled to his seventh instruction, found on page 37, Tr. of. Rec. and as the eighth instruction found on page 38 and 39. Tr. of Rec., and his ninth instruction, found on page 40, Tr. of Rec., all of which were erroneously refused by the court.

We insist, also that defendant's second instruction found on page 42, Tr. of Rec., and defendant's third instruction, found on page 43, Tr. of Record, are in direct violation of the rule laid down in the foregoing decision.

*White & Ford,* for appelees.

The contention of appellant is that the court erred in requiring appellant to elect whether he would claim the statutory penalty or the value of the manufactured product of the timber. This occured when plaintiff asked an instruction directing the jury to render a verdict for both; appellant's contention being that he was entitled to recover both the statutory penalty and the value of the manufactured product. The statutory penalty exceeding the value in amount, plaintiff (appellant) elected to take the statutory penalty and the jury rendered a verdict for fifteen dollars per tree for each tree which they found to have been wrongfully cut. The statute fixing a penalty for cutting trees appeared in Hutchinson's Code of 1848, in form identical with our present statute except that the amount was fixed at ten dollars and three dollars per tree, and it has been brought down in practically the same form in every code adopted since that time.

The statute is as follows: ''If any person shall cut down, deaden, destroy or take away, if aready cut down or fallen, any cypress, white oak, black .oak, or other oak, pine, poplar, black walnut, cherry, pecan, hickory,

chestnut, birch, ash or beech tree, on land not his own with out the consent of the owner, he shall pay to the owner of the tree or trees fifteen dollars for every such tree cut down, deadened, destroyed, or taken away; and for each other tree not herein described so cut down, deadened, destroyed, or taken away, the sum of five dollars shall be paid.''

This statute since it first became the law has been construed both by the courts and the bar as providing for a penalty and compensation; and it remained for appellant to be the first to claim in the courts both the, statutory penalty and the value.

At the time this statute was enacted the statutory penalty was many times the value of any ordinary tree within its terms; and being highly penal, must be strictly construed. The statute provides that a trespasser shall pay for each tree cut, deadened, etc,fifteen dollars; and that is all. Whenever 'the legislature intended that the owner should recover both the statutory penalty and actual damages, or value, the statute was made to so provide in express terms, as appears by the statute prohibiting the firing of woods, or trespass cutting tmber from public lands.

Section 2931, provides that for any trespass on public lands damages in the sum of two dollars per acre for each acre in every forty upon which any trespass is committed shall be recovered and in addition thereto the statutory penalty for the trees cut, Section 4988, provides that if any person shall set on fire any lands of another, he shall be liable for all damages done ''and shall moreover be liable to a penalty of one hundred and fifty dolars in favor of the owner.''

So, in construing that statute, the court held in *Gilchrist* v *Parker*, 108 Miss., 445, and *Rogers* v *Lumber Mineral Co.*, 115 Miss. 339, that the party injured could collect both the damages sustained and the statutory penalty; but inasmuch as there is no such provision in

the statute now under discussion, it is construed to cover both a penalty and compensation. (*M'hoon* v. *Greenfield,* 52 Miss. 434), with the right in the plaintiff to waive the statutory penalty and sue for value.

We submit that the court will not extend the application of this highly penal statute beyond the intention of the legislature, clearly shown by the statute itself. The cutting, carrying away and manufacturing of the timber is one single continous act, 38 Cyc. 1176, and therefore only one recovery can he had under this statute fixing fifteen dollars per tree as the damages to be paid by the trespasser.

This case is not analogous to the case of *Keystone Lumber Company* v. *McGrath*, 1 So. 301, cited by appellant, where Judge WHITFIELD held that the jury was warranted in assessing the statutory penalty, and that plaintiff was entitled to recover for the actual damages caused by cutting up plaintiff's·land in addition to the statutory penalty. In that case the proof showed that defendant owned land on three sides of plaintiff's land, and that he was logging it and in so doing inadvertently cut some trees off of plaintiff's land and also hauled across plaintiff's land and cut ruts in it.

The declaration contained three counts. The first was for the statutory penalty for cutting trees; the second was for the value of the timber destroyed, for cutting roads across the land, despoiling and cutting up the land, and for destroying the timber brush and undergrowth; the third was for the value of the timber manufactured. It will be noted that the cutting of the trees for which the statutory penalty was allowed and the hauling of logs across plaintiff's land were separate and distinct trespasses and both were supported by ample proof and the court of course held that plaintiff, while entitled to the statutory penalty for cutting the trees, was also entitled to the actual damages proven for hauling timber across plaintiff's

land; but while there was a count for the value of the trees and one for the manufactured product, no right of plaintiff to recover either for the value of the timber, or that of the manufactured product was recognized.

In the *Keystone case, supra,* the extent of the damages to the land was proven. In the instant case there is no proof of any damage done by appellees to the land, but the trespass, a single and continuing trespass, was to the trees alone. We submit that there is nothing in the case of *Keystone Lumber Company* v. *McGrath, supra,* relied on by appellant, which in any way supports his contention.

In the case of *Keirn* v. *Warfield,* 60 Miss. 709, the court refers to the statutory penalty as "The statutory price or penalty," following the recognized construction of this statute, that the statutory penalty is the price to be paid for cutting, removing or destroying timber, if the injured party elects to recover the statutory penalty.

Appellees admitted that plaintiff owned the land but never at any time admitted that he owned the timber, and we submit that the instructions placing the burden of proof on plaintiff to make out his whole case were correct. *Terrel* v. *Ellis,* 83 Miss. 494; *Rector* v. *Outzen,* 93 Miss. 254; *Kiern* v. *Warfield,* 60 Miss. 807.

Even if it were held that it was error to refuse instruction number 4 for plaintiff to the effect that the burden of proof was on the defendants to show that the title to the timber passed from plaintiff to defendant, it was harmless error. The defendants introduced the deed from plaintiff, the testimony was all before the jury, and the jury found the facts from the whole testimony; and it is safe to say that the question as to where the burden of proof rested was not a factor with the jury in arriving at a verdict and that it would not have been if a dozen instructions on the burden of proof had been given.

In order to secure a reversal, it must be shown that

there was error and that the error was prejudicial. *Rector v. Outzen*, 93 Miss. 254.

We submit that this case having been submitted to and passed on by a jury on all the evidence that could be produced both by plaintiff and defendants, and the jury having decided the issue after considering all the evidence in the case, and there being ample evidence to support their verdict, thier finding should not be disturbed by the court.

SYKES, J., delivered the opinion of the court.

The appellant, Clozelle Ladnier, sued the Ingram Day Lumber Company for damages for the cutting of certain designated trees, belonging to appellant. The first count was for the willful cutting of these trees predicated upon section 4977, Code of 1906 (section 3246, Hemingway's Code). The second count was for the value of the lumber manufactured out of these trees. The third count was for damages to the land, grass and small growth of timber on these lands. We find nothing in the testimony to sustain the third count, and pass to a consideration of the other questions presented by the record. The defendants admitted liability for the cutting of certain trees under either, but not both counts of the declaration. At the conclusion of the testimony the court of its own motion required the plaintiff to elect upon which count he would proceed, holding in effect that he could not recover the statutory penalty and also for the value of the lumber. To this ruling the plaintiff objected and excepted, but elected to proceed under the first or statutory count. A verdict was returned in plaintiff's favor upon this count for two thousand three hundred and forty dollars, and plaintiff prosecutes this appeal.

There are numerous alleged errors assigned, but the only one we deem of sufficient importance to consider

in this opinion is whether or not plaintiff can recover both the statutory penalty provided under the above section of the Code and in addition thereto the actual value of the timber or the lumber manufactured from this timber. This question is settled adversely to the contention of the appellant in the case of *Mhoon* v. *Greenfield,* 52 Miss. 434. In construing this statute it is said that:

"The cause of action recited in the first count is of strict right, and must be established in evidence with reasonable certainty. It is debt for a sum certain—that is, an amount capable of definiteness by calculation. The statute is severely penal, affixing to the tree an arbitrary value, without regard to its worth intrinsically or in the market. . . . The statute creates an indebtedness by reason of the tortious act. . . . The policy of the law is to protect this sort of property—not always under the eye of the owner, peculiarly exposed to the depredations of the lawless—by making it very costly to invade it. The penalty is in the nature of punishment as well as remuneration."

This statute affixes to a tree an arbitrary value without regard to its intrinsic value, and this penalty partakes both of the nature of punishment as well as being a remuneration for the tortious act. The tortious act in this case consisted of the cutting, carrying away and converting to the defendant's use of the trees of plaintiff. For this tortious act there can be but one recovery, either that under the statute or that for the actual value of the timber converted into lumber. The learned circuit judge was correct in holding that plaintiff could not recover on both counts.

*Affirmed.*