## BATSON-MCGEHEE CO. *v.* SMITH.

[98 So. 534. No. 23165.]

(Division B. Jan. 14, 1924.)

TRESPASS. *Plaintiff need not elect between count for statutory penalty for trespass and count for actual value; judgment not reversed for error in requiring election between counts where instruction was proper.*

> In an action for trespass under section 3246, Hemingway's Code (Section 4977, Code of 1906), the plaintiff may declare for the statutory penalty in one count, and for actual value in another, and may not be required to elect on which he will go to the jury, being entitled to submit the case on both counts; but if the court erroneously requires the plaintiff to elect, and he does elect on the count for the penalty, and under such count the court instructs the jury that they may find for either the statutory penalty or the actual value of the trees, but not both, and the jury finds for the actual value and against the statutory penalty, this court will not reverse.

On suggestion of error. Suggestion of error sustained in part.

For former opinion, see 95 So. 647.

*Parker & Shivers,* for appellant.

The court held, in affirming the case, that a plaintiff could sue in two counts, one for the statutory penalty, and one for actual damages, and on the trial of the case, dismiss the count for actual damages, and obtain an instruction from the court to the jury, instructing them to disregard the count for actual damages, and yet in the same instruction, further instruct the jury that, notwithstanding the count for actual damages had been dismissed by the plaintiff, leaving only the count for statutory penalty, he still had the right to recover actual damages.

We respectfully submit that heretofore there has never been a decision of this court sustaining such an instruction. Certainly defendant is placed at a disadvantage, if he can be sued for the statutory penalty alone, and a recovery had for actual damages in said suit. If this is the law why should a plaintiff file a declaration with the two counts, one for statutory penalty? Or if this is the law and a plaintiff should file a declaration with the two counts, one for the statutory penalty, and one for the actual value, why should he be required to elect on which he shall proceed? We respectfully refer the court to these decisions: *Mhoon* v. *Greenfield,* 52 Miss. 438; *Keirn* v. *Warfield,* 60 Miss. 808; *Therrell* v. *Ellis,* 35 So. 826; *Smith* v. *Saucier,* 40 So. 328.

The jury did not find the statutory penalty, but found actual damages, and in fixing the damage, brought in a verdict for ninety dollars. Therefore the jury found by their verdict that plaintiff had been actually damaged thirty-six dollars more than plaintiff alleged in his declaration he had been damaged; therefore, by affirming the case the court has held that this is a proper verdict.

A jury cannot legally render a verdict for a greater sum than the plaintiff claims in his declaration to be the value of the property sued for, and a greater sum than the damage which he claims in his declaration he has suffered. Certainly the jury was justified in concluding that they had a right to render such a verdict under the instruction given for appellee.

*William A. Shipman,* for appellee.

I understand the court to hold, in affirming the judgment of the circuit court without an official opinion that the *per curiam* opinion merely follows and approves the former decisions of this honorable court, *Mhoon* v. *Greenfield,* 52 Miss. 430; *Ladnier* v. *Ingram-Day Lumber Company,* 123 Miss. 238, 85 So. 196; *Roell* v. *Shields,* — Miss.

—, 86 So. 763; in each of which the rule is stated that under the statute, the owner of the trees may recover either the statutory or arbitrary price, fixed by law at the sum of fifteen dollars per tree, or, if the evidence fails to show a case of wilful or reckless trespass, he may recover the actual value of the trees cut; that the arbitrary value affixed to each tree by the statute—regardless of the intrinsic worth thereof—includes the actual value, as also a fine or forfeiture, as a punishment for the wrongful, wilful and reckless act. Certainly in a proper case the plaintiff has a right, under the statute, to recover the arbitrary value, and just as certain it is that, for every wrong there is a remedy. Anything less is a denial of justice. I am rather inclined to the opinion that the second suggestion of error is well taken.

While the verdict may not be responsive to the evidence relative to the actual value, and not responsive to the instructions of the court, they, the instructions, correctly state the law applicable to the case, and they are in full accord with the former opinions and decisions of this court.

ETHRIDGE, J., delivered the opinion of the court.

This cause was affirmed without an opinion on a former day of this term (95 So. 647), and a suggestion of error has been filed insisting that error was committed in such affirmance. There were two counts in the declaration, one for the statutory penalty under chapter 67, Hemingway's Code, and the other for the actual value of the trees cut. On motion of the defendant the court required the plaintiff to elect upon which count he would proceed, and the plaintiff elected to proceed upon the count for the statutory penalty.

At the conclusion of the evidence, the court instructed the jury to disregard the second count for the actual value, but that the plaintiff may either recover the statutory penalty or the value of the timber, but not both the

penalty and the value of the timber separately; that the statute affixes to a tree an arbitrary value without regard to its actual value, and this arbitrary value partakes both of the nature of the penalty and also remuneration for cutting, carrying away, and converting to the defendant's use, and that even though the jury may not believe that the plaintiff should receive the statutory penalty, yet as the true value is included in the fixed or arbitrary value, you should, if you believe from the evidence that the defendant did cut, carry away, and convert to its own use certain trees from plaintiff's land, find for the plaintiff the actual value, if any, of such trees, which instruction is claimed to be erroneous.

In our opinion the plaintiff was not required to elect between the counts, but was entitled to go to the jury and have the theory of both counts submitted for the finding of facts by the jury, and the court having erred in requiring the election, and after such requirement submitting the instruction which would have been perfectly proper if both counts had been submitted as they should have been, it was not error to give the instruction.

It seems that the court decided in *Therrell* v. *Ellis*, 83 Miss. 494, 35 So. 826, that a count for actual value was necessary. It is true the statute embraces the actual value as well as the penalty and the evidence might be conflicting, and if the jury believed one theory of the evidence might find for the statutory penalty, and if it believed the other theory could only find for the actual value, and it is important to the right of the litigant to have both theories submitted. This court has often decided that a count for actual value might be filed with one for statutory penalty. *Mhoon* v. *Greenfield,* 52 Miss. 434; *Ladnier* v. *Ingram-Day Lumber Co.,* 123 Miss. 238, 85 So. 196; *Roell* v. *Shields,* 124 Miss. 226, 86 So. 763.

Counsel for appellee concedes in response to the suggestion of error that the verdict was excessive on the

134 Miss.—15

actual value of the trees and that the judgment should be limited to twenty-two dollars and fifty cents. The suggestion of error will therefore be sustained in part, and the judgment corrected so as to award twenty-two dollars and fifty cents and costs.

*Suggestion of error sustained in part.*