Louis Cohn & Bros. v. Lovell Lumber Co.*

(Division B.    May 26, 1924.)

[100 So. 188.    No. 23881.]

1. APPEAL AND ERROR. *Wrongfully requiring election by plaintiff between two counts not disturbed in absence of showing enabling determination whether error harmful.*

Where a plaintiff brought a suit for trespass in two counts for cutting timber growing on his land, one for the statutory penalty and the other for actual value, and the court wrongfully required him to elect between the counts, this court cannot, unless the evidence is preserved in the record, or a bill of exceptions taken, or an agreement of facts made, determine whether such action of the court was prejudicial or not, and cannot reverse unless it appears that the error was harmful.

2. COSTS. *Requisites of tender to authorize taxation of cost against plaintiff on recovery of judgment, stated.*

In a suit for trespass for cutting timber on the land of plaintiff, where defendant after suit brought tenders or offers to pay a named amount as damages, the tender must include cost to date of tender to authorize the court to tax plaintiff with the cost or a part of it where he recovers a judgment, even though the judgment is not for more than the amount tendered. *Collier* v. *White,* 67 Miss. 133, 6 So. 618, cited.

---

*Headnote 1.   Appeal and Error, 4 C. J., sections 2918, 1796;   2. Costs, 15 C. J., section 145.

Appeal from circuit court of Lawrence county.
Hon. J. Q. Langston, Judge.

Suit by Louis Cohn & Bros. against the Lovell Lumber Company. From judgment rendered, plaintiff appeals. Reversed in part and affirmed in part.

*P. Z. Jones,* for appellant.

I.  The circuit court did not have the legal right to require the plaintiffs to elect as to which count of the declaration they would take the case to the jury. The entire case should have been submitted to the jury under proper instructions, advising them as to the law and letting the jury say whether the recovery should be for the statutory penalty or for the actual value.

Counsel for defendants in the court below argued that the plaintiffs could not recover for the statutory penalty and for the actual value, and that the plaintiffs must elect to rely on one count or the other. This view was sustained by the court and this we think was error. *Wesson* v. *Miller,* 58 Miss. 833; *Ladner* v. *Ingram-Day Lumber Company,* 123 Miss. 238; *Roell* v. *Shields,* 124 Miss. 226.

The recent case of *Batson-McGehee Company* v. *Smith,* 98 So. 534, is decisive.

II.  On the question of costs it is claimed by the appellants that all of the costs should be taxed against the appellee for the two reasons: (a) The verdict and judgment of the court was for more than ten dollars and the costs goes as an incident of the judgment; and (b) the tender made by the appellee, defendant in the court below did not include the costs accrued in the case to the time of the tender. See section 952, Code of 1906, section 661, Hemingway's Code; Section 955, Code of 1906, section 664, Hemingway's Code; Section 966, Code of 1906, section 675, Hemingway's Code.

But the power to order payment of the costs by either party under the last section arises only where no provision has been made by law, "either expressly or by fair implication," for the payment of the costs. *Clarke* v. *Parker,* 63 Miss. 549. A tender after suit is not good unless it include all accrued costs. *Collier* v. *White,* 67 Miss. 133.

*Magee, Gibson & Magee,* for appellee.

I.   In making the motion in the court below to require plaintiffs to elect on which count in the declaration they would stand, the appellee did so under what was conceived to be the law as announced in *Ladnier* v. *Ingram-Day Lumber Company,* 123 Miss. 238; *Roell et al.* v. *Shields,* 124 Miss. 226.

But aside from the holding of this court in these cases and in *Batson-McGehee* v. *Smith,* 98 So. 534, the record evidence in the case at bar discloses no sort of reason why an issue under the penal statute should have been submitted to the jury. If this issue had been submitted to the jury and they had found for plaintiff on that issue under the evidence the court would have been compelled to set the verdict aside, because every necessary precaution was taken by defendant to ascertain the location of the land line. So that, we submit, the case ought to be affirmed so far as this point is concerned.

II.   Upon the other proposition—the payment of costs —we submit that when the tender was made by appellee in the court below the appellant very promptly declined to accept it, but in this tender cost to date was contemplated if not actually expressed. The jury returned a verdict for the exact amount tendered and also recommended that each party pay half the cost. Under section 554, Hemingway's Code, we think had the jury made no recommendation as to the cost, the court would have been bound to adjudge the cost against plaintiff. But

this matter was settled by the verdict of the jury because their finding really was that plaintiff pay one-half the cost.

Etheridge, J., delivered the opinion of the court.

The appellants sued the appellee in trespass in two counts: One for the statutory penalty for the cutting of forty-five pine trees and five oak trees from the lands of the appellants; and the second count for the actual value of the timber cut, alleging the value to be nine hundred dollars. The defendant appellee pleaded the general issue upon each count. There was no pleading of tender and amends, but at the beginning of the trial before the jury the defendant's counsel made the following statement:

"We want to tender twenty-four dollars and fifty cents to the plaintiff to cover twelve thousand two hundred fifty feet of timber, the amount claimed by the defendant to have been cut by him, and plaintiff declines to accept the tender."

All of the evidence before the jury is not contained in the record. The stenographer certifying that a certain portion thereof had been lost by reason of his losing his notes of the evidence, one of his note books used for taking the evidence being lost, and there is no effort or bill of exceptions taken to show what the missing evidence is. At the close of the evidence the defendant moved the court to require the plaintiffs to elect upon which count they would proceed, which motion the court sustained, and the plaintiffs elected to stand upon the count for actual value. The appellants assign this requirement for election to be error, and also assign for error that the court taxed the plaintiffs with half of the costs.

In *Batson-McGehee Co.* v. *Smith,* 98 So. 534, we held that the plaintiff was not required to elect between the two counts, but was entitled to go to the jury and have the jury determine from their finding of the evidence up-

on which count the plaintiff was entitled to recover, pointing out that questions in these cases frequently turn on the determining by the jury of the fact as to whether the trespass was willful or not. The plaintiff cannot recover both, but is entitled to go to the jury and have the jury determine whether the trespass was willful or not under proper instructions of the court. The appellee says that the appellants are not prejudiced by this ruling because the evidence in no event warranted the jury in finding a willful trespass. The record not having all of the evidence, we are unable to see whether the facts warranted the court in submitting to the jury the law in regard to the statutory penalty, and we must presume where the evidence is not in the record that it supports the verdict, and cannot reverse for this error, because it is not apparent that it was harmful to the appellants. We do not think, however, the court below was warranted in taxing the appellants with half the costs. The plaintiff is generally entitled to full costs where he is successful, and the tender, if it may be called such, was insufficient to preclude appellants' rights because the costs were not tendered. *Collier* v. *White,* 67 Miss. 133, 6 So. 618.

The judgment will be reversed as to costs but affirmed in other respects.

*Reversed in part; affirmed in part.*