ROELL ET AL. *v.* SHIELDS.

[86 South. 763, No. 21298.]

TRESPASS. *Owner may recover either statutory penalty or value of trees cut, but not both.*

Under section 4977, Code of 1906 (Hemingway's Code, section 3246), the owner can only recover either the statutory penalty or the value of the trees cut, but not both.

APPEAL from circuit court of Rankin county.

HON. A. J. MCLAURIN, Judge.

Action by Flora Willie Shields against F. M. Roell and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

*L. K. Burch,* for appellant.

On the — day of July, 1920, this court rendered its opinion in the case of *Ladner* v. *Ingram-Day Lumber Company et al.,* 85 So. 196, wherein it was held directly that the plaintiff in a suit such as the one here in question, would have to elect to rely either on the intrinsic value, or the statutory penalty for trees cut on his lands.

The attorney for appellant apologizes to the court for having overlooked this rule, as laid down in the case of *Mhoon* v. *Greenfield,* 52 Miss. 434, but begs leave now to refer to same as an additional authority, and as a supporting case to the more recent opinion in *Ladner* v. *Ingram-Day Lumber Company, supra.*

The appellant respectfully calls the court's attention to the fact that in the case at bar, the plaintiff in the lower court filed his declaration containing two counts; first count asked for the actual value of the trees alleged to have been cut, and second count for the statutory penalty.

The evidence adduced in behalf of the appellee at the trial of this cause shows that the actual value of the trees

claimed to have been cut was about one hundred and two dollars, the evidence for appellant, that they were worth much less.

The court in its instructions told the jury that they might assess the statutory penalty in addition to the actual value of the trees cut. The jury evidently responded to this instruction for a verdict was returned in court for something over two hundred dollars. The verdict does not indicate what part of the amount named is to apply as actual value, or what part as statutory penalty. The appellant submits for this reason this case should be reversed and remanded, that a jury may pass upon the facts, guided by proper instructions.

*Sidney L. McLaurin,* for appellee.

Can the owner recover both the penalty and actual value of timber cut by trespasser? The court requests briefs on this point and refers to the case of *Ladnier* v. *Ingram-Day Lumber Company,* 85 So. 196. Three sections of the Code of 1906 bear directly on this point. Section 4977 (Hemingway, sec. 3246) ; section 4986 (Hemingway, sec. 3255) ; section 4989 (Hemingway, sec. 3258).

The two sections last mentioned seem to have escaped the attention of the court in the case of *Ladnier* v. *Ingram-Day Lumber Company, supra,* due no doubt to the failure of counsel to properly present them to the court. Section 4977 fixes the penalty. Section 4986 expressly refers to it as a penalty. Section 4989 expressly provides that the recovery of the penalty shall not prevent a recovery for any further damages, referring to damages which are recoverable by law, without reference to the statutory penalty.

These three sections, taken together, show that plaintiff was entitled to recover not only the statutory penalty of fifteen dollars per tree but in addition the actual value of the trees. Section 4986 shows that the fifteen dollars per tree provided in section 4977 is considered a penalty.

Section 4989 says that the recovery of the penalty of fifteen dollars per tree, shall not preclude plaintiff from recovering "further damages;" that is, the actual value of the trees taken. This seems to be the only logical construction that can be placed upon these three sections taken together. The statute was designed to enlarge and not restrict the rights of the timber owner. The statute was enacted so as to make it hard upon the trespasser. Without the statutory penalty, the trespasser could take the timber of another and be liable only for the actual value of the timber.

The timber owner can sue for less than the statutory penalty only because that is so provided by statute. In the *Ladnier case, supra,* the court seems to have overlooked the case of *Miller* v. *Wesson,* 58 Miss. 833, in which Mr. Justice CAMPBELL, speaking for the court said: "The statute prescribes the penalty to be recovered by the owner of the trees and it has been held several times that he may unite with his demand for the penalty, one for the value of the trees." And *Gilchrist-Fordney Company* v. *Parker,* 109 Miss. 452, in which the court by Chief Justice SMITH said appellee is entitled to recover in one suit both his actual damages and the penalty of one hundred and fifty dollars prescribed by section 4988 of the Code.. *R. R. Company* v. *Spencer,* 72 Miss. 491.

In the case of *Mhoon* v. *Greenfield* the question here involved was not before the court. The amount involved in this suit is not large and is not of very great consequence to appellee, but the decision in this case will establish a precedent of far reaching effect in the protection of the timber owners of the state, and for this reason the case should have the closest scrutiny.

Counsel for appellant is mistaken in saying that the plaintiff filed a declaration with two counts; there is but one count in the declaration and that is in the form required by the statute and asks for the actual value of the timber and also for the statutory penalty of fifteen dollars per tree. But in any event, this case should not be

reversed for two reasons: First, it is reasonably certain that the jury disregarded the actual value and assessed the penalty at fifteen dollars per tree as the amount of the verdict. Three hundred and seventy-five dollars is a multiple of fifteen dollars. Second, if this court should hold that the actual value and statutory penalty are not both recoverable, then the court can deduct one hundred and two dollars, the value proven by plaintiff, from three hundred and seventy-five dollars, the amount of the verdict and enter judgment for appellee for the balance two hundred and seventy-three dollars, appellee hereby expressly consenting thereto.

HOLDEN, J., delivered the opinion of the court.

The appellee, Shields, sued the appellant Roell, and recovered judgment for both the penalty and the actual value as damages for cutting the trees of the appellee. The appellant complains that the court erred in permitting the plaintiff to recover both the penalty and the actual value of the trees. The point is well taken and the judgment must be reversed.

The rule that the owner cannot recover both the penalty and the actual value of the trees cut has been expressly announced by this court in two cases. In 1876 it was so held in *Mhoon* v. *Greenfield,* 52 Miss. 434. The court then had before it the same statutes in the Code of 1871 prescribing the penalty for the cutting of trees that are now sections 4977 and 4989, Code of 1906 (Hemingway's Code, sections 3246 and 3258), the latter section having, as did the statute of 1871, the provision therein, to wit, "and a recovery of any penalty herein given shall not be a bar to any action for further damages."

With the same statutes before it, this court, following the *Mhoon Case, supra,* again held in *Ladnier* v. *Ingram Day Lumber Co.,* 85 So. 196, a decision rendered July 12, 1920, that it was error to permit the owner to recover both the penalty and the actual value of the trees cut. The in-

terpretation of the statute seems to have gone upon the reasoning that the statute fixes an arbitrary value on the cut tree without regard to its intrinsic value, and that the penalty therein prescribed partakes both of the nature of a punishment and a remuneration for the tortious act. Therefore the owner must elect to recover either the penalty or the actual value, but he cannot recover both.

It is argued by counsel for the appellee that the construction placed upon the statute by this court is erroneous and will lead to unintended results, where the tree cut is of greater value than the statutory penalty; that such an interpretation, in effect, destroys the penalty or punishment intended by the statute. This may be true; but, if so, it has been brought about on account of the increased value of trees in recent years. For this reason what would have been a penalty or punishment to the trespasser for cutting trees fifty years ago, when the statute was enacted, may not now be a punishment, because the actual value of a tree may be greater now than the penalty prescribed for the wrongful cutting. However, this is a matter that can only be remedied by the legislature, and does not concern us.

Appellee's counsel further contends that the rule against the recovery of both the value and the penalty is wrong because of the provision in section 4989, Code of 1906 (Hemingway's Code, section 3258), which reads:

"And a recovery of any penalty herein given shall not be a bar to any action for further damages."

It is contended that this provision gives the right to the owner to recover the penalty, and also the actual value as "further damages." We do not so understand the statute. This court, having before it the particular provision referred to, has twice expressly held in the past forty years that the owner could not recover both the value and the penalty for the tree cut. The provision means that the owner may recover further damages outside of the penalty prescribed, and since it is held that the penalty is an arbitrary valuation of the cut tree, or we may say includes

the value, there are no "further damages" as to the value of the tree to be recovered. Evidently "further damages" refers to damages other than the value of the tree, such, for instance as are contemplated by chapter 143, Code of 1906 (Hemingway's Code, chapter 67), on trespasses.

The appellee suggests that we have overlooked *Miller* v. *Wesson,* 58 Miss. 833. Counsel is mistaken in this. That case is not in point, because it deals with the question with reference to joining in the same declaration two counts, one for the actual value, and the other for the penalty for the cutting of trees. Counsel cites the case of *Fordney Co.* v. *Parker,* 109 Miss. 452, 69 So. 290, and urges the application here of the rule announced there. But this case is not in point, for the reason that the court was dealing with a different section of the Code, to wit, section 4988, Code of 1906 (Hemingway's Code, section 3257), which provides against setting out fires, etc.

We are constrained to follow the rule as announced in the *Mhoon* and *Ladnier Cases, supra.* Therefore the judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*