FLEMING *v.* DUNIGAN COOPERAGE Co., INC., ET AL.*

(Division B. Oct. 25, 1926. Suggestion of Error Sustained Nov. 22, 1926.)

[109 So. 851.   No. 25868.]

1. ACTION. *Courts. Statutory penalty and actual damages for cutting or deadening trees may be embraced in same count. Declaration alleging actual damages for cutting trees as two hundred dollars, and claimed statutory penalty of one thousand eight hundred dollars in same count, is not subject to demurrer on ground that actual damages are less than circuit court jurisdiction of amounts over two hundred dollars (Laws 1924, chapter 167, amending Hemingway's Code, section 3246).*

144 Miss.—49.

Under chapter 167, Laws 1924, amending section 3246, Hemingway, and section 4977, Code of 1906, the statutory penalty and actual damages may be embraced in the same count, and it is error for the court to sustain a demurrer to the declaration claiming actual damages in the circuit court on the ground that actual damages amount to less than circuit court jurisdiction of amounts over two hundred dollars.

#### ON SUGGESTION OF ERROR.

. 2. LOGS AND LOGGING. *Statute penalizing cutting down, deadening, or destroying trees without consent of owner cannot be applied to transaction taking place before its enactment (Laws 1924, chapter 167).*

'Chapter 167, Laws of 1924, not only affects the remedy, but changes the right of the parties, and therefore cannot be applied to a transaction taking place before its enactment.

3. LOGS AND LOGGING. *One is not subject to statutory penalty if he cuts timber by verbal permission (Hemingway's Code, section 3246).*

Under section 3246, Hemingway's Code (section 4977, Code of 1906), a party is not subject to the penalty therein imposed if he cuts timber by verbal permission, although title to standing timber can only be conveyed in writing.

---

*Corpus Juris-Cyc. References: Actions, 1 C. J., p. 1084, n. 18; Logs and Logging, 38 C. J., p. 239, n. 17.

APPEAL from circut court of Clarke county.

HON. R. M. BOURDEAUX, Judge.

Action by A. R. Fleming against the Dunigan Cooperage Company, Inc., and another. From a judgment for defendants, plaintiff appeals. Reversed. On suggestion of error, reversal set aside and case affirmed.

*Williamson & Gipson,* for appellant.

It was absolutely immaterial whether or not the trees in question had a market value; and, therefore, the court committed error in permitting testimony to be introduced which had a tendency to confuse the issue and prejudice the jury as this did. The statute fixes the value or penalty to be paid. Again, the court permitted the de-

fendants to introduce considerable testimony about timber on other lands and contracts with reference to timber on other lands which was grossly prejudicial to the rights of plaintiff, confusing the issues and facts in the minds of the jury.

The court committed no error in refusing to instruct the jury, at the request of plaintiff, peremptorily for the plaintiff due to the fact that it was proved beyond dispute or contradiction that at least eight oak trees were cut and manufactured into staves by the defendants on the land described in the declaration without any pretense of authority or permission or license so to do, and two camp houses were placed on this land and the camp site cleared up, which included the cutting of trees without any permission, license or any form or character of authority so to do.

The term ''land'' embraces not only the soil but its natural produce, growing upon and affixed to it and the sale of growing timber is within the statute of frauds and is void unless in writing. See *Harold* v. *Miller,* 35 Miss. 700; *New Orleans Cr. Co.* v. *Moye,* 39 Miss. 374.

Chapter 167, Laws of 1924, authorizing the recovery of the statutory penalty, provides that the penalty may be recovered for trees cut without the consent of the owner of the trees and does not say whether this consent could be given verbally or should be given in writing; but the uncertainty as to the manner or form of giving consent is made certain by the Statute of Frauds which says that it must be given in writing and is void if not given in writing.

It has been held by the supreme court of our state that a trespasser will be liable for the statutory penalty, although the evidence shows that the trees cut were small, not exceeding six or eight inches in diameter. *Clay* v. *Postal Telegraph Company,* 70 406, 11 So. 658.

The court sustained a demurrer on the theory that the second count was below the jurisdiction of a circuit court. As to the jurisdiction of a circuit court in matters

of this character, see 21 R. C. L., page 224, also 7 R. C. L., pages 1052, 1055; 61 So. 426; 69 So. 290; 17 So. 170. In 21 R. C. L., page 224, it is stated, "Where the jurisdiction of the court depends upon the amount in controversy, if it is permissible to join in the complainant's counts for several different penalties, it is not the penalty of the statute taken singly which determines the jurisdiction of the court; but it is the cumulated penalty sought to be recovered in the one action that fixes the jurisdiction.

The judgment of the lower court should be reversed and the cause remanded.

*C. B. Cameron,* for appellees.

I shall first discuss the assignment of error with respect to the action of the court in sustaining the demurrer to the second count of the appellant's declaration. The first count demanded the statutory penalty for the cutting of trees and pitched the damages in the sum of nineteen hundred dollars.

It was the contention of the appellees in the trial court that the second count of the declaration was a count wholly without the jurisdiction of the circuit court for the reason that when the amount included in the first count as damages for statutory penalty was eliminated, the second count was below the amount for which the circourt would have jurisdiction. The court did not commit error when it sustained the appellees' demurrer to this count of the declaration.

A verbal consent to the cutting and removal of the timber in question is an absolute defense to this lawsuit and this question has been long set at rest by this court in *Hicks* v. *Miss. Lbr. Co.,* 95 Miss. 353, 48 So. 624; also 61 Miss. 725.

The statute of frauds and the decisions cited by counsel for appellant have absolutely no application to the question raised for the reason that the statute of frauds

in these decisions deal with the question of sale either by conveyance or contracts to convey.

This cause should be affirmed.

Brief by *Chas. B. Cameron,* for appellees, on suggestion of error.

Chapter 167, Laws of 1924, amending section 3246, Hemingway's Code (section 4977, Code of 1906) quoted by the court in its opinion was not passed until April 5, 1924. The alleged cutting of the timber and the filing of the suit in the circuit court occurred prior to the passage of this act and, hence, this act can have no application to the case now before the court.

Under the law which existed at the time of the filing of the suit in question, the owner of timber could not recover both the statutory penalty and the actual value of the timber cut. But the law in this respect was amended by chapter 167, Laws of 1924, so as to permit the recovery in the same suit of the statutory penalty and in addition thereto the actual value, and provided that such actual damages and penalty may be recovered in same suit.

As the law stood at the time of the institution of this suit, a plaintiff could have brought a suit solely and alone for the statutory penalty under the statute then existing or could have brought a separate suit for the actual value in a court having jurisdiction of value as fixed by the plaintiff, or could have joined a second count on value, if amount claimed as actual value had been within the circuit court's jurisdiction. This court has often decided that a count for actual value might be filed with one for statutory penalty. *Mhoon* v. *Greenfield,* 52 Miss. 434; *Ladnier* v. *Ingram Day Lbr. Co.,* 123 Miss. 238, 85 So. 196; *Roell* v. *Shields,* 124 Miss. 226, 86 So. 763.

It has also been repeatedly held that the owner could recover either the statutory penalty or the value of the trees cut, but not both. *Roell* v. *Shields,* 124 Miss. 226,

86 So. 763; *Ladnier* v. *Ingram-Day Lbr. Co.,* 123 Miss. 238, 85 So. 196.

The second count of the declaration being a count for actual value and showing on its face that it was for a sum less than the jurisdiction of the circuit court, the action of the circuit court in sustaining demurrer thereto was correct and this cause was thereafter in the same condition as was the case of *Therrell* v. *Ellis,* 83 Miss. 494, 35 So. 826.

The court has erroneously applied chapter 167, Laws of 1924.

*Williamson & Gipson,* in reply to suggestion of error.

We respectfully submit that chapter 167, Laws of 1924, was passed long before the demurrer to the declaration was filed by appellees and same was a law at the time the court sustained said demurrer and was, of course, a law at the time of the trial of this case in the lower court. ''No one can claim to have a vested right in any particular mode of procedure for an enforcement or defense of his rights.'' 25 R. C. L., page 939.

This court has often decided that a count for actual value might be filed with one for statutory penalty. *Mhoon* v. *Greenfield,* 52 Miss. 434; *Ladnier* v. *Ingram-Day Lbr. Co.,* 123 Miss.. 238, 85 So. 196; *Roell* v. *Shields,* 124 Miss. 226, 86 So. 763.

It has also been held that the owner could recover either the statutory penalty or the value of the trees cut, but not both in the same suit. *Roell* v. *Shields,* 124 Miss. 226, 86 So. 763; *Ladnier* v. *Ingram Day Lbr. Co.,* 123 Miss. 238, 85 So. 196.

Although in free government every man has an adequate legal remedy for every injury done to ,him, the form and extent of the remedy is necessarily subject to legislative power. The legislature may impose reasonable conditions and limitations which will be binding on those seeking legal remedy and since no one can have a

vested right to any particular remedy, this court has made proper application of the law in question to the case at bar. See *Brown* v. *Staple Cotton Co-Op. Ass'n,* 96 So. 849.

It is too well settled to merit discussion that a remedy afforded by a statute passed subsequent to the date of the contract in question may be invoked by a party to the contract who has been wronged by its non-performance. Such legislation does not impair the obligation of a contract. The obligation of the contract has reference alone to the rights of the parties arising thereunder and not to any remedy for their endorsement. A law creating a remedy applies to prior as well as future contracts and is constitutional. *McMillan* v. *Sprague,* 4 How. 647, 35 Am. Dec. 412; *Woods* v. *Buie,* 5 How. 285; *Coffman* v. *Bank of Kentucky,* 40 Miss. 29, 90 Am. Dec. 311; *Dane* v. *White,* 140 Pa. 99, 21 Atl. 437. See also section 3258, Hemingway's Code.

Argued orally by *J. V. Gipson,* for appellant, and *C. B. Cameron,* for appellees.

ETHRIDGE, J., delivered the opinion of the court.

Appellant was plaintiff in the court below and filed a declaration claiming one thousand nine hundred dollars statutory penalty for the cutting, by defendants without plaintiff's consent, of certain trees upon certain lands belonging to plaintiff, and also suing for two hundred dollars actual damages for the cutting of said trees and the building of certain camp houses upon the land of plaintiff.

The demands appeared in the first part of the declaration in what purports to be separate counts, but concludes with the following language:

"Plaintiff therefore brings this suit and demands judgment of and from the defendants jointly and severally in the total amount of two thousand dollars ($2,000),

the same being the aforesaid statutory penalty sued for in the first count of this declaration and the aforesaid actual damages sued for in the second count of this declaration, and also all court costs in this behalf expended.''

The defendants filed the following demurrer to that part of the declaration called the second count:

''Come now the defendants and demur to the second count of the plaintiff's declaration, and, for cause of demurrer, assign the following reasons, to-wit: First, that second count fails to charge a legal cause of action; second, said second count undertakes to charge a cause of action against the defendants for the market value of the timber alleged to have been cut and destroyed, and in the same count joins with it a demand of statutory penalty as provided by law; third, said second count of declaration has two causes of action stated in same, and are insufficient in law.''

This demurrer was sustained by the court, and the cause proceeded to trial on the other items claimed in the declaration, resulting in judgment for defendants.

Chapter 167, Laws 1924, amended section 3246, Hemingway's Code (section 4977, Code of 1906), so as to read as follows:

''If any person shall cut down, deaden, destroy or take away, if already cut or fallen, any cypress, white oak, black oak, or other oak, pine, poplar, black walnut, cherry, pecan, hickory, chestnut, birch, ash, holly, gum, persimmon, or beech tree, on land not his own without the consent of the owner, he shall pay to the owner of the tree or trees, as a penalty, fifteen dollars for every such tree so cut down, deadened, destroyed or taken away; and for every other tree not herein described so cut down, deadened, destroyed, or taken away, the sum of five dollars shall be paid as a penalty. And in addition to the penalty to be paid as herein provided, he shall pay to the owner of such tree or trees the actual value of such tree or trees so cut down, deadened, destroyed or taken away; and for such actual damages and for such penalty the owner may recover in the same suit.''

A careful reading of this section shows it was the purpose of the legislature to authorize bringing of a suit for both the statutory penalty and the actual damages, and that they, together, constitute one cause of action and need not be placed in separate counts. In fact, we think proper pleading requires that both demands be set forth in the same count, and that it is better pleading to so state the cause of action.

It was not the legislative purpose to require the plaintiff to go into one court for the statutory penalty and into another court to secure damages for the actual value. To so do would destroy the purpose of the section authorizing them to be recovered in a single suit.

The court below therefore was in error in splitting the cause of action and denying plaintiff the right to recover the actual value in the same suit as the statutory penalty was sought to be recovered.

It may be in many cases that the actual value would be below circuit court jurisdiction if it stood alone, and the statutory penalty would require the suit to be brought in the circuit court. Both the statutory penalty and the actual damages must be recovered, if at all, in the same suit.

This view necessitates the reversal of the judgment and the remanding of the case for a new trial on the whole issue.

*Reversed and remanded.*

### ON SUGGESTION OF ERROR.

While we think that we correctly construed chapter 167, Laws of 1924, we erred in applying it to the case at bar because the trespass occurred prior to the passage of the said act, and, consequently, section 3246, Hemingway's Code (section 4977, Code of 1906), governs the rights of the litigants here.

It is said that the amendment and rule applied in the former decision of this case should be adhered to because chapter 167, Laws of 1924, applies to the remedy

only. In *Roell* v. *Shields,* 124 Miss. 226, 86 So. 763, and *Ladnier* v. *Ingram Day Lumber Co.,* 123 Miss. 238, 85 So. 196, it was held a plaintiff in trespass, under the section above mentioned, could sue either for the statutory penalty or the actual damage, but not for both. The amendment to chapter 167, Laws of 1924, changes the right and gives the plaintiff the right to recover both; consequently, it is not a statute governing the mere remedy, but one affecting the rights of the parties.

We are of the opinion that there is no merit in the other assignments in the original hearing.

It is urged by appellee that the proof shows that at least eight trees were cut without authority, and that a conveyance of timber must be in writing, and, as there was no writing, the statutory penalty applies. We think the proof sufficient to show that the act was done under an idea that verbal permission was given to cut trees, and that the evidence was sufficient to go to the jury on that proposition; and the jury adopted the theory of the appellees with reference thereto. To bring the trespass within the rule of the statute above referred to requires the trespass to be willful and without right, and the proof for the appellees did not so bring it within such rule.

The suggestion of error will therefore be sustained and the judgment affirmed.

Suggestion of error sustained and judgment affirmed.