TEPPER BROS. *v.* BUTTROSS.

(Division B.   May 24, 1937.)

[174 So. 556.   No. 32757.]

H. B. Greaves and A. K. Foot, both of Canton, for appellants.

Ray & Spivey, of Canton, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

On September 8, 1936, the appellants filed dispossessory proceedings against appellee in the mayor's court in the city of Canton, where they obtained judgment for possession of the property and the statutory double rent. Appellee appealed to the circuit court, where on December 10, 1936, the appellants filed in said cause notice that they would demand judgment for the double rent provided for in section 2225, Code 1930, throughout the whole time appellee occupied the property. Judgment was rendered on January 6, 1937, awarding the appellants possession of the property and $600 as double rent for the occupation of the premises after the expiration of appellee's lease, and from this judgment no appeal was taken and the $600 was paid.

On December 2, 1936, appellants filed their declaration in the circuit court for $2,500 actual damages, of which $360 was for rent, and for $5,000 punitive damages.

On January 12, 1937, six days after the rendition of the judgment for the double rent in the first cause, the appellee, by leave of the court, filed his plea to the general issue, together with two pleas, one of estoppel, and one of res judicata, in which he pleaded the first case in bar. The appellants demurred to the pleas of estoppel and res judicata, which demurrer was overruled, and appellants declining to plead further, a final judgment was rendered for the appellee, from which this appeal is prosecuted.

From this statement of the facts, it will be seen that the appellants sought not only to recover the double rent provided for by section 2225, Code 1930, but also to recover for actual and punitive damages in a separate suit. Section 2225, Code 1930, reads as follows:

"When a tenant, being lawfully notified by his landlord, shall fail or refuse to quit the demised premises and deliver up the same as required by the notice, or

when a tenant shall give notice of his intention to quit the premises at a time specified, and shall not deliver up the premises at the time appointed, he shall in either case, thenceforward pay to the landlord double the rent which he should otherwise have paid, to be levied, sued for, and recovered as the single rent before the giving of notice could be; and double rent shall continue to be paid during all the time the tenant shall so continue in possession.''

In our opinion, this statute affords an exclusive remedy as the measure of damages for holding over after notice to vacate. The statutory rule of construing laws is that where a statute enumerates the powers given, it must be held that it names all the powers dealt with therein, and that there is nothing implied. State ex rel. Greaves v. Henry, 87 Miss. 125, 40 So. 152, 5 L. R. A. (N. S.) 340, and the authorities therein cited.

The statute must be held to control the rights of the parties and the recovery in the first suit is a bar to any further recovery.

Appellant argues that inasmuch as section 3411, Code 1930, chapter 167, Laws of 1924, gives the statutory penalty in the cases provided, and also actual damages in addition thereto, that this rule should apply in the case at bar.

It will be seen from the opinion in the case of Roell v. Shields, 124 Miss. 226, 86 So. 763, that prior to the enactment of chapter 167, Laws of 1924, the owner of land or timber could recover either the actual or the statutory penalty, but not both, and that rule was reaffirmed in the case of Fleming v. Dunigan Cooperage Co., 144 Miss. 769, 109 So. 851, where the court held, on a suggestion of error, that chapter 167, Laws of 1924, not only affects the remedy, but changes the rights of parties, and cannot be applied to a transaction which took place before its enactment.

We are, therefore, of the opinion that there is no error in the judgment of the court below, and it will be affirmed.

Affirmed.