Hines Motor Co., Inc., *v.* Hederman *et al.*

(Division B.   April 21, 1947.)

[30 So. (2d) 70.   No. 36437.]

Chambers & Trenholm and **Sydney A. Smith, Jr.,** all of Jackson, for appellant.

862

**Harold Cox,** of Jackson, for appellees.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

On and for some time prior to July 22, 1940, appellees were the owners of a vacant lot on the south side of Pearl Street in the City of Jackson, adjoining a vacant lot which was the property of the Tower Building Incorporated. After considerable negotiation between the appellant and the appellees on the date mentioned the appellant leased the lot from appellees for a term of five years thereafter. The appellant also leased from the other owner the adjoining lot.

In this lease there are four clauses specially concerned in this litigation, and the construction of these clauses, in their application to such facts as affect the issue between the parties here, will dispose of the case. The litigation originated before the County Judge, and from an adverse decision there appellees here appealed to the Circuit Court, where the case was tried de novo without a jury. Both parties hereto evidently conceived that the

contract was ambiguous, because, without objection from either side, proof was offered of the circumstances of the negotiations and also of the intentions of the parties thereto. The contract was finally drafted, after numerous conferences between the parties, by the attorneys of the lessee, Hines Motor Company, Incorporated, appellant here, and there is considerable controversy in the briefs concerning the party in whose favor it should be most liberally construed. Appellants contend that ambiguous lease contracts between landlord and tenant are to be construed favorably to the lessee, citing 35 C. J., p. 1010, Landlord and Tenant, Sec. 125; and Martin v. Martin, La. App., 181 So. 63. On the other hand, appellees reply that the exception to the foregoing rule, conceding it to be correct, is that where the lease is prepared by the tenant, it is construed most strongly against the lessee who prepared it. Quoting 35 C. J., Sec. 478, p. 1181, where it is said: "On the other hand, where the lessee has prepared the lease or is regarded as having used the ambiguous language, a strict construction against him has been adopted."

However, since we are of the opinion that the lease is not ambiguous, the evidence of the negotiations, and of the intentions of the parties, and the rules of law to which reference has just been made, are all irrelevant.

Appellees, as landlord, sought possession of the premises under what the parties term a "re-take" clause therein, plus double rent and reasonable attorney's fees. Appellant claimed that under an "option" clause in the lease it had renewed the lease by exercising its option therein. There is much argument here also as to whether or not appellant should be permitted to remove the improvements, which it built on this lot, if appellees prevailed under the "re-take" clause. In the brief of appellees here they now rightly concede the right of appellant to remove its improvements upon this lot in suit, as we understand it. The Circuit Judge found "that the plaintiffs (appellees here) were entitled to the possession

of the premises in suit as hereinafter described from and after July 22, 1945, and that the defendants have wrongfully withheld said premises after notice to quit the same, and that plaintiffs are entitled to rent on said premises at the contract rate of $75.00 per month, plus the statutory penalty of an equal amount or double rent each month in the sum of $2190 to October 10, 1946, the date of trial, plus a reasonable attorney's fee in the agreed amount of $250.00 recoverable as rent under the terms of the lease, less the sum of $1125.00 paid for application on defendant's obligations herein from and after July 22, 1945, and less the further sum of $1,000.00 tendered defendant by plaintiffs in the exercise of the retake clause in said lease.'' To appellees he then awarded immediate possession and entered judgment accordingly and in harmony with his findings as set out above, fixing the amount recoverable by appellees at $315. From that judgment the case is brought here on appeal.

This action was not brought until the failure of much negotiation between the parties concerning a renewal of this lease by agreement. When it became evident, in the judgment of appellant, that no such agreement could be reached, shortly after 12 o'clock, noon, of the last day of the term of the lease, appellant delivered to appellees a letter purporting to exercise the ''option'' of renewal as follows:

''Gentlemen:

''This is to notify you that we are hereby exercising our right under Paragraph 11 of that certain lease between you and the undersigned, of date July 22nd, 1940, covering Lot No. 5, Block 19, W. Jackson, City of Jackson, Mississippi under which paragraph you agreed to give us an option to renew said lease for an additional five years at the same price and under the same circumstances, and we are therefore hereby renewing said lease upon our part accordingly, commencing at midnight July 21st, 1945, and expiring at midnight on July 21st, 1950.

"Please acknowledge receipt hereof upon the attached carbon copy of this letter and oblige,

"Very truly yours,
"Hines Motor Company, Inc.,
"By (Signed) H. S. Williford
"H. S. Williford, Sec. & Treas."

Appellees, about three or four hours later, tendered in cash to Mr. Williford, as such official of appellant, the sum of $1,000 in compliance with their construction of the "re-take" clause in the lease, together with this letter:

"Gentlemen:

"We herewith hand you One Thousand Dollars ($1,000.00) in cash in furtherance of our right to take possession of the leased premises described as Lot 5, Block 19, West Jackson, within a five year period in accordance with paragraph ten of lease dated July 22, 1940.

"In accordance with provisions of the above numbered paragraph we ask that you vacate premises by midnight July 21, 1945 and give us immediate possession thereof.

"Please acknowledge receipt of this notice together with the $1,000.00 cash payment on the attached carbon copy of this letter and oblige,

"Very truly yours,
"R. M. & T. M. Hederman
"By (Signed) R. M. Hederman, Jr."

Appellant refused the $1,000 tendered, and claimed to have renewed the lease by giving the notice of the exercise of its claimed option for the same.

The "re-take" clause is Section 10 of the lease and reads as follows:

"10. The lessor reserved the right to retake possession of the premises at any time during the term of the lease by paying Five Thousand and No/100 ($5,000.00) Dollars if repossession is taken during the first year, Four Thousand and No/100 ($4,000.00) Dollars, if repossession is taken the second year, Three Thousand and No/100 ($3,000.00) Dollars if repossession is taken during the third year, Two Thousand and No/100 ($2,000.00) Dol-

lars if repossession is taken during the fourth year or One Thousand and No/100 ($1,000.00) Dollars if repossession is taken during the fifth year.''

The ''option'' clause is Section 11 and reads as follows:

''11. It is further agreed and understood that at the end of the five years period of time the lessor will give the lessee an option to renew the lease for an additional five years at the same price and under the same circumstances, provided that however, should the lessor receive a bona fide proposition to dispose of the property otherwise by lease or sale the lessee shall first have an opportunity to meet this sale proposition before such disposition shall be made.''

Section 9 of the lease governs the matter of the attorney's fees and is as follows:

''9. Lessee covenants and agrees that if the lessor shall consider it necessary to employ attorneys to collect the rent herein provided to be paid or to enforce any of the lessor's rights under this lease, then lessee shall pay reasonable attorney's fees for services so rendered by attorneys employed by lessor and such fees shall be considered as rent owed by lessee and the payments thereof guaranteed as rent.''

Section 2 of the contract governs the removal of the improvements, but, since we are of the opinion that appellant is entitled to remove them and since counsel for appellees concede in their brief that appellant is entitled to remove its improvements, it is not necessary to set out that part of the contract or to discuss it further. We would have held for appellant there, had not appellees so conceded.

In construing particular provisions of a contract, the instrument as a whole will be looked to, and its meaning determined from the entire agreement, as written. Lampkin v. Heard, 137 Miss. 523, 102 So. 565.

The ''re-take'' clause here is plain and simple. For a graduated price on a descending scale, it entitles appellees to terminate the lease during any year of the five

years of its term, provided the stipulated consideration for that period is paid for so doing. The amount for the last and final year was $1,000. There is no provision in the lease requiring any precise time for the exercise of the "re-take" privilege during any given year. This clause clearly and logically predominates the option clause, for the reason that whenever advantage should be taken thereof, the lease thereby automatically terminated upon the payment of the named amount of money. When this was done, there remained no lease as to which the party lessee could exercise an option to renew. The argument as to priority of the delivery of the respective letters, supra, is without point because appellees tendered to appellant the sum of $1,000 in cash, required to retake the premises from the lessee during the last year. Having done so within the year, although on the last day thereof, appellees thereby became entitled to have appellant surrender the premises. Since, in that event, there was no longer any lease to be renewed, and hence no option to renew, appellant had no right to withhold possession of the premises from appellees.

However, the notice of termination of the lease under the "re-take" clause expressly allowed no time whatever for appellant to remove its improvements from the premises, neither did the judgment of the court below. This was error. We think appellant, with the right to remove its improvements at the termination of the lease, had also the incidental right of a reasonable time within which to remove the same, and was not required to do so within the few hours of the year remaining.

The point is made in the brief of appellant that the notice given by appellees to him of the retaking of the premises, according to the lease, was in effect a notice of the termination of the lease, and since notice thereof was given on the last day before the five year term of the lease had expired, thereby not allowing a reasonable time within the term, during which to remove its improvements, such notice was legally ineffectual to end the lease. No

authorities in support of this contention were offered by appellant. However, a complete answer thereto is found in Gulley v. Mayo, 191 Miss. 143, 1 So. (2d) 800, wherein we declared that where both landlord and tenant knew that month to month tenancy began on the 10th of one month and ended on the 10th of the next, tenant was not misled by notice requiring vacation 10 days before expiration of monthly period, and hence landlord was entitled to double rent for time tenant held over. In the case at bar, both lessor and lessee were familiar with the date of the beginning and the date of the ending of the lease involved, so that appellant as tenant was not misled by the notice that appellees were retaking the premises, on the last day of the term of the lease, at the same time tendering them the $1,000 consideration for so doing, as stipulated in the rental contract. So, as landlords, appellees were entitled to double rent for time appellant tenant held over.

The Court was also in error when it allowed attorney's fees to appellees in this proceeding. It started before the County Judge as a special tribunal under Sections 947 and 958, Code 1942, as a proceeding against a tenant holding over. Damages recoverable thereby are expressly limited to double rent, by the statute. It is true that here the contract provides for attorney's fees allowable to appellees for certain services therein set forth, to be considered as rent. Obviously this was an anticipatory device to get around Tepper Bros. v. Buttross, 178 Miss. 659, 174 So. 556, wherein we held that the statutory remedy of double rent for tenants holding over is exclusive of all other recovery for same. As stated, supra, the forum wherein this action was instituted was not a court of general jurisdiction, but of limited jurisdiction only. Such a court can exercise no authority other than that conferred by the statute, and clearly so. Its powers or jurisdiction cannot be extended by implication. A case on this point is Welch v. Bryant, 157 Miss. 559, 562, 128 So. 734, citing 15 C. J. p. 982. Under the cited statute,

the landlord in addition to the recovery of the premises may have a judgment for double rent, but the jurisdiction does not extend beyond possession of the premises and the rent thereof. Rent means compensation for the use of the property. Attorney's fees, although called rent, are not compensation for the use of the property but are compensation for attorney's services, even though in and about the property. If attorney's fees, because denominated as rent in the contract, could be recovered in this special proceeding, then double attorney's fees could be recovered, and this of itself is enough to eliminate attorney's fees as rent.

The trial judge was correct in awarding possession of the premises to appellees, and double rent for holding over. However, the Court below was in error when it allowed attorney's fees in this proceeding, and was also in error when it failed to grant a reasonable time to appellant within which to remove its improvements from the premises.

We, therefore, affirm the judgment of the lower court as to the award of the possession to appellees. We also affirm the judgment of the trial court as to the double rent, except that a reasonable time should have been allowed therein to appellant within which to remove its improvements from the premises. So, we reverse the same as to that feature and upon remand the trial court will fix such reasonable time as should have been granted for that purpose, during which there shall be no award of double rent, but only the recovery of simple rent. We also reverse that part of the judgment allowing appellees to recover attorney's fees. The case is, therefore, remanded to the trial court to determine what reasonable time should have been granted appellant, when appellees retook the premises, within which to remove its improvements and to recast its judgment as to the amount recoverable by allowing credit to appellant for the double rent during such "reasonable time" and also for the $250

awarded as attorney's fees, and in accord with the views herein expressed.

It follows, also, that appellant must remove now its improvements from the premises within a reasonable time to be fixed by the trial judge on remand, but is not to receive any further consideration during said current period, by any form of further rent relief.

Affirmed in part, reversed in part and remanded.