ROY NOBLE LEE, Justice,
for the Court:
The Circuit Court of Washington County, Honorable B. B. Wilkes, presiding, entered judgment in the sum of thirty-three hundred seventy-five dollars ($3,375.00) in favor of Salvador Sarullo and against Terraci-na Motor Company for rent, after expiration of a commercial property lease. Terra-cina has appealed and assigns two (2) errors in the trial below.
On January 4,1971, appellee, as landowner and lessor, entered into an agreement with the appellant for the rental of certain commercial property in the City of Green-ville. The lease provided a primary term of five (5) years, with option to renew for an additional five (5) years at the same monthly rental of six hundred dollars ($600.00). At the expiration of the primary lease term, appellant renewed for the additional five years. It was agreed that the lease would terminate, under the extension, on June 30, 1981. The lease further provided that appellant had a period of thirty (30) days following termination of the lease in which to remove improvements installed on the premises.
About thirty days prior to expiration of the lease, appellant contacted appellee and attempted to negotiate a new lease. Appel-lee’s proposed terms included three thousand dollars ($3,000) per month rental for a five-year lease. Appellant countered for a one-year lease at $3,000 with a four-year option to renew, but appellee declined to accept that offer. Appellant was unable to negotiate a new lease, and, on July 9, 1981, sent appellee a check for $600.00 to cover an additional thirty days’ rent. Appellee contacted his attorney, who returned the check to appellant, and then filed an action in ejectment against it.
At trial, the parties stipulated that appellant vacated the property on August 15, 1981, and that, previous to such time, appellant removed the improvements pursuant to the lease provision. There was conflicting evidence on value of the property and fair monthly rental. Witnesses for appellee gave opinions of monthly rental up to thirty-two hundred dollars ($3,200). Evidence for appellant placed the rental from two hundred dollars ($200.00) to six hundred fifty dollars ($650.00) per month.
I. — II.
Did the trial court err in holding that lessee was liable to the lessor for anything over the maximum liability of double rent?
In the alternative, if a reasonable rent standard was correctly applied, did the trial court err in its computation of a reasonable amount?
Appellant contends that no rent was due for the month following the termination date of June 30, 1981. If wrong, he then contends only $600.00 per month, which was the amount provided for monthly rental in the lease, should be allowed. In any event, he argues that the double rent statute, Mississippi Code Annotated § 89-7-25 (1972), is exclusive. It provides:
When a tenant, being lawfully notified by his landlord, shall fail or refuse to quit the demised premises and deliver up the same as required by the notice, or when a tenant shall give notice of his intention to quit the premises at a time specified, and shall not deliver up the premises at the time appointed, he shall, in either case, thenceforward pay to the landlord double the rent which he should otherwise have *1337 paid, to be levied, sued for, and recovered as the single rent before the giving of notice could be; and double rent shall continue to be paid during all the time the tenant shall so continue in possession.
In Tepper Bros. v. Buttross, 178 Miss. 659, 174 So. 556 (1937), the lessor obtained judgment for possession of property and statutory double rent. Subsequently, he filed a declaration for actual damages, which included rent, and punitive damages. The Court held that recovery in the first suit was a bar to any further recovery. The Court mentioned that prior to the enactment of 1924 Miss. Laws 167 [Mississippi Code Annotated § 95-5-3 (1972) ] the owner of land or timber could recover either the actual or the statutory penalty, but not both. The facts in Tepper distinguish it from the present case.
Appellee takes the position that the above statute does not apply because Mississippi Code Annotated § 89-7-23 (1972) states:
Notice to quit shall be necessary only where the term is not to expire at a fixed time. In all cases in which a notice is required to be given by the landlord or tenant to determine a tenancy, two months’ notice, in writing, shall be given where the holding is from year to year, and one month’s notice shall be given where the holding is by the half-year or quarter-year; and where the letting is by the month or by the week, one week’s notice, in writing, shall be given. (Emphasis added)
In Hinds Motor Co., Inc. v. Hederman, 201 Miss. 859, 30 So.2d 70 (1947), the lease provided that the lessor could retake the property upon payment of a certain sum. The provision was exercised but the lessee remained in possession of the property. The lease' also contained a provision that, upon termination of same, a reasonable time was afforded to remove improvements. The lower court allowed double rent for holding over. However, the case was remanded for the purposes of fixing a reasonable time for the removal of the improvements, during which period simple rent would apply. There, again, the facts are different from the case sub judice and the case is distinguished on those facts.
According to appellee, the proper measure of damages is reasonable rent pursuant to Mississippi Code Annotated § 89-7-5 (1972):
Where there is no contract, or where the agreement is not in writing, a landlord may maintain an action to recover a reasonable satisfaction for the use and occupation of the lands held and enjoyed by another. If on the trial of such action there appear in evidence any demise or agreement the plaintiff shall not on that account be nonsuited, but may take use thereof as evidence of the amount to be recovered. (Emphasis added)
It may be argued that, since the lease in the present case expired under its own terms, no contract existed and the landlord could maintain an action to recover reasonable rent on the property. Also, that he had the option of bringing suit to recover rent either under the double rent statute or for the reasonable rent value of the property-
In our opinion, the lease provision granting unto appellant thirty (30) days in which to remove the improvements placed on the leased premises was effective to extend the term of the lease for an additional thirty (30) days and appellee is entitled to recover $600.00, the monthly rental provided in the lease, for that period. Further, appellee, having sought reasonable rent after expiration of the lease, may recover same from August 1 to August 15, 1981. We do not consider whether or not appellee could claim double rent during the August period, had he chosen only to pursue that remedy. Therefore, the judgment of the lower court is reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C. J., SUGG and WALKER, P. JJ., and BROOM, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.