# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2010

No. 09-60219
Summary Calendar

Charles R. Fulbruge III
Clerk

BYRD & ASSOCIATES PLLC, formerly known as Byrd, Gibbs & Martin
PLLC; ISAAC BYRD, JR.; KATRINA GIBBS,

Plaintiffs–Appellants

v.

EVANSTON INSURANCE COMPANY; GILSBAR, INC; JOHN LOWE
SMITH,

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07cv00487

Before BENAVIDES, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

Byrd & Associates PLLC, Isaac Byrd, Jr., and Katrina Gibbs ("Appellants")
filed a claim for declaratory judgment and injunctive relief against their legal
malpractice insurer, Evanston Insurance Co. ("EIC").  Appellants claimed that
EIC breached its contractual obligation to represent and indemnify them in a

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

No. 09-60219

legal malpractice suit. The district court granted summary judgment to EIC, finding that the act underlying the malpractice claim fell within a policy exclusion, and Appellants did not disclose their knowledge of the act that formed the basis of the claim in their application for coverage. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Bowie Action

Appellants represented the Bowie family in a medical malpractice suit (the "Montfort Action"), filed in November 1999. The trial court imposed a scheduling order, instructing the parties to designate their experts by December 31, 2000. When Appellants failed to comply, the defendants filed a motion to dismiss or for summary judgment. Appellants answered with a motion to extend time to designate experts. The trial court denied Appellants' motion and granted the defendant's motion to dismiss in March 2001.

Appellants appealed the dismissal to the Mississippi Court of Appeals. The intermediate court reversed on October 29, 2002, *Bowie v. Montfort Jones Memorial Hospital*, 850 So. 2d 1210, 1214 (Miss. Ct. App. 2002), and denied rehearing on January 21, 2003. But the Mississippi Supreme Court reversed the intermediate court and affirmed the trial court's dismissal of the Montfort Action on December 31, 2003. *Bowie v. Montfort Jones Mem'l Hosp.*, 861 So. 2d 1037, 1043 (Miss. 2003).

The Montfort Action plaintiffs filed a legal malpractice claim against Appellants on April 29, 2004 (the "Bowie Action"), and served Appellants with process shortly thereafter. Appellants timely notified EIC of the Bowie Action.[1]

---

[1] Appellants also held legal malpractice insurance with American National Lawyers Insurance Reciprocal ("ANLIR"). ANLIR went into

No. 09-60219

## B.    The EIC Insurance Policy

Appellants submitted their application to EIC for legal malpractice insurance on November 13, 2002, after the intermediate state court decision in the Montfort Action and before the Mississippi Supreme Court decision. On this application, Appellants indicated that they were unaware of any act that may reasonably be expected to form the basis of a claim against them. EIC issued the insurance policy with an effective date of February 28, 2003. Appellants renewed their policy a year later, effective February 28, 2004, and continuing through February 28, 2005, and again indicated that they were unaware of any basis for a claim against them.

Under paragraph 1(bb) of the renewal policy, if the act that formed the basis of the claim occurred before the effective policy period, the policy provided coverage so long as "no Insured was aware of any facts or circumstances from which a reasonable person would have anticipated a Claim." The policy also contained a Prior Acts Exclusion, which stated that the policy did not apply "to any claim made against the Insured arising out of any act, error or omission in professional services of Personal Injury in professional services happening prior to February 28, 2003."[2] The policy defined an "Act" as the "performance of or omission of a duty by the Insured in rendering legal advice."

---

receivership before the filing of the Bowie Action, and ANLIR did not have funds available to cover Appellants' claim.

[2] We note that paragraph 1(bb) and the Prior Acts Exclusion work in conjunction to create a "window" of coverage for acts that occurred between February 28, 2003 and February 28, 2004, so long as a reasonable person would not have anticipated a claim from facts that were known to Appellants.

3

No. 09-60219

## C.    Appellants' Claim under the Policy and the District Court's Order

After Appellants notified EIC of the Bowie Action, EIC denied Appellants' claim.  EIC contended that Appellants' failure to timely comply with the trial court's scheduling order in the medical malpractice case in 2001 was the act in question, and therefore the act occurred before the policy took effect.  Based on this contention, EIC argued that the policy's exclusions barred Appellants' claim.  Appellants disagreed with this interpretation and filed suit for both declaratory judgment and injunctive relief.

The district court, in an oral order, granted EIC's motion for summary judgment.  The court first found that the renewal policy provided the applicable coverage period.  The court then applied Mississippi law and found that the policy was not ambiguous.  The court concluded that the act in question was the Appellants' error in 2001 and faulted Appellants for failing to disclose this fact.  Appellants timely appealed.

## II.  ANALYSIS

We have jurisdiction under 28 U.S.C. § 1291 and review *de novo* a district court's award of summary judgment.  *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001).  Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

No. 09-60219

Appellants argue that the policy is ambiguous, and thus the district court granted summary judgment prematurely. "An ambiguity in an insurance policy exists when the policy can be interpreted to have two or more reasonable meanings." *J&W Foods Corp. v. State Farm Mut. Auto. Ins. Co.*, 723 So. 2d 550, 552 (Miss. 1998) (citing *Ins. Co. of N. Am. v. Deposit Guar. Nat. Bank*, 258 So. 2d 798, 800 (Miss. 1972)). Of course, "'[t]he mere fact that the parties disagree about the meaning of a provision of a contract does not make the contract ambiguous as a matter of law.'" *Burton v. Choctaw County*, 730 So. 2d 1, 5 (Miss. 1997) (quoting *Cherry v. Anthony, Gibbs, Sage*, 501 So. 2d 416, 419 (Miss. 1987)). In our construction of the disputed particular policy provisions, we may look to the document as a whole. *Cherry*, 501 So. 2d at 419 (citing *Hinds Motor Co. v. Hederman*, 30 So. 2d 70, 72 (Miss. 1947)).

When more than one reasonable interpretation exists, we "will apply a construction permitting recovery." *J&W Foods Corp.*, 723 So. 2d at 552 (citations omitted). Because EIC attempts to enforce an exclusion to the policy, we should "construe the policy even more stringently." *Id.* (citation omitted). However, absent ambiguity, "'insurance policies which are clear and unambiguous are to be enforced according to their terms as written [and thus,] the plain terms of the insurance contract should be binding and controlling.'" *State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co.*, 797 So. 2d 981, 985–86 (Miss. 2001) (quoting *Hare v. State*, 733 So. 2d 277, 281 (Miss. 1999)).

Specifically, Appellants argue that the defined term "Act" in the policy is ambiguous because the definition necessarily implicates a negligence standard. Alternatively, Appellants argue that their failure to disclose the 2001 error

5

No. 09-60219

should not bar recovery under the policy because, at the time that they originally applied for coverage, they were not aware of any facts or circumstances from which a reasonable person would anticipate a claim. Appellants point to the timing of the intermediate state court's decision in the Montfort Action to argue that when they applied for insurance coverage, there was no basis for a claim. Appellants' arguments are unavailing.

As noted above, the policy defines an "Act" as the "performance of or omission of a duty by the Insured in rendering legal advice." Appellants argue that an "Act" under the policy cannot happen until an attorney is actually found negligent by a court or jury. Therefore, Appellants would have us find that the "Act" in question occurred when the Bowie Action ripened; namely, when the Mississippi Supreme Court reinstated the dismissal of the medical malpractice claim in December 2003.

Appellants' argument avoids the plain meaning of the policy's terms. We agree with the district court that Appellants' proffered alternate definition grafts extraneous language onto plain language. The plain language definition of "Act" as provided in the policy does not require a finding of negligence before a court may find that an "Act" occurred.

As to Appellants' argument that the Prior Acts Exclusion should not apply because they were unaware of facts giving rise to a claim, we note that the renewal policy is the policy at issue here, and was effective February 28, 2004. In their application for renewal, Appellants responded "No" when asked whether they were aware "of any incident, circumstance, error, omission, or personal injury which may give rise to a claim." Regardless of whether we interpret the 2001 failure to submit experts or the 2003 reinstatement of the dismissal of the

No. 09-60219

Montfort Action as the facts giving rise to a claim, both occurred before the application for the renewal policy. Appellants failed to disclose the facts giving rise to the Bowie Action in their renewal application and, under the plain terms of the policy, EIC has no obligation to provide coverage.

### III. CONCLUSION

For the reasons set forth above, we AFFIRM the district court's grant of summary judgment to EIC.

AFFIRMED.